BOLIN, Judge.
Plaintiff, William B. Lawrence, has appealed from a judgment of the district court which dismissed without prejudice his demands against defendants, George E. Williams, Joyce Williams, and Allstate Insurance Company. The dismissal was based on plaintiff’s failure to cure defects of his petition within the time specified by the court in its ruling sustaining defendants’ dilatory exception of vagueness. We reverse and remand.
Plaintiff filed suit against six defendants on February 20, 1974, to recover damages for personal injuries he sustained in an automobile accident on February 20, 1973. Three of the named defendants filed a dilatory exception of vagueness alleging plaintiff’s petition failed to describe with specificity the injuries sustained and the medical expenses incurred.
The trial court, acting through the Honorable William Norris, III, sustained defendants’ dilatory exception and ordered plaintiff to amend his petition within fifteen days to cure the vagueness of his petition. The order signed by the judge stated: “. . .in default of such further amend *122 ment within the said 15 days, plaintiff’s suit will 'be dismissed with prejudice.”
On June 10, 1975, one week after the expiration of the fifteen day period, plaintiff amended his. petition to remedy the vagueness of his original pleading.
On June 19, 1975, the three defendants filed a rule to show cause why plaintiff’s suit should not be dismissed with prejudice for plaintiff’s failure to amend his petition within the fifteen day period which the court had allowed.
The trial court, acting through the Honorable Robert T. Farr, heard the argument on defendants’ rule. In rendering judgment for the defendants which dismissed plaintiff’s suit without prejudice, the judge stated:
. the Court holds that in face of a clear unambiguous judgment as was rendered by Judge Norris, the Court has no discretion and with respect to the moving defendants, plaintiff’s case will be dismissed without prejudice, and at plaintiff’s cost.
Thereafter, plaintiff filed a supplemental petition which attempted to bring the three defendants back into the suit. The defendants filed an answer and a peremptory exception of prescription in which they alleged plaintiff’s cause of action had prescribed since the original petition which had been dismissed did not serve to interrupt the prescriptive period.
Fearing the possible sustaining of the plea of prescription, plaintiff then perfected a devolutive appeal from the judgment dismissing his suit without prejudice. In this court, he urges the action of the trial court was an abuse of discretion.
The statutory authority for the trial court’s action is found in Code of Civil Procedure Article 933, which provides in part:

When the grounds of the other objections pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the suit shall be dismissed only for a noncompliance with this order.
In commenting on this article, the court in Washington v. Flenniken Construction Company, 188 So.2d 486 (La.App.3d Cir. 1966), stated:
The basis of this dismissal is the power of the court to enforce compliance with a lawful procedural order in connection with a dilatory exception, Bogan v. Byrom, La.App. 3 Cir., 151 So.2d 718, for by definition the dilatory exception “merely retards the progress of the action” and “it is not filed in order to defeat the action”, LSA-C.C.P. Art. 923. For this reason, the judgment of dismissal for failure to cure the defect urged by dilatory exception has consistently been without prejudice, with trial court dismissals being so amended when not so providing. Martin v. Garon, La.App. 4 Cir., 172 So.2d 751; Bogan v. Byrom, La.App. 3 Cir., 151 So.2d 718; LaFleur v. Dupuis, La.App. 3 Cir., 147 So.2d 724.
It is apparent from his reasons that Judge Farr predicated his decision to dismiss plaintiff’s petition on the belief he had no discretion to do otherwise in view of Judge Norris’ statement in the interlocutory order that, “. . . in default of such further amendment within the said 15 days, plaintiff’s suit will be dismissed with prejudice.”
Contrary to the holding of the trial court, we find the decision to dismiss is discretionary. Code of Civil Procedure Article 933 admittedly vests the court with the power to dismiss a suit for the failure of a litigant to comply with a lawful order of the court to correct defects properly raised by a dilatory exception. However, the exercise of that power is within the dis *123 cretion of the trial court and is in no way mandatory. Bogan v. Byrom, 151 So.2d 718, 721 (La.App.3d Cir., 1963). Due to its discretionary nature, the decision to dismiss depends on the particular facts of each case.
The pleadings and arguments on defendants’ rule reveal that plaintiff’s original attorney had been discharged and his present counsel enrolled after the dilatory exception had been fixed for hearing. On May 19, 1975, the court sustained the defendants’ dilatory exception and ordered plaintiff to amend within fifteen days. The information needed to cure the vagueness of plaintiff’s petition was in the files of plaintiff’s first attorney. Plaintiff’s present counsel telephoned and wrote plaintiff’s first attorney on May 19, and on several dates thereafter, asking that the information be forwarded to him. He finally received the material on June 9 and filed his amended petition on June 10, one week after the expiration of the fifteen day period allowed by the trial court’s order. On June 19 defendants filed the rule to show cause why plaintiff’s petition should not be dismissed for failure to amend within the fifteen day time frame. It is worthy of note that this rule was filed after plaintiff had amended his petition and cured the vagueness objected to by defendants’ dilatory exception.
This is not a case in which defendants have been prejudiced by the short delay (witness the filing of defendants’ rule after the amendment); nor is it a situation in which the plaintiff’s failure to amend was a willful refusal of a court’s order (plaintiff’s counsel diligently tried to comply within the time prescribed by the court) ; nor has the authority of the trial court been compromised (the amendment was actually made and the short delay did not interfere with orderly judicial administration).
As noted above, defendants have filed a peremptory exception of prescription to plaintiff’s supplemental petition. While we express no opinion on the merits of defendants’ exception, we do recognize the pend-ency of the exception; that the exception must be argued and ruled on in the court; and that judgment could possibly be rendered against plaintiff. In view of the pend-ency of the prescriptive plea and the other facts of. this particular case, we conclude it would be unduly harsh to dismiss plaintiff’s suit. Had the trial court in its discretion dismissed plaintiff’s suit without prejudice, we would reverse as being an abuse of such discretion. We therefore see no useful purpose in remanding this case to the district court in order to permit that court to decide whether or not to dismiss plaintiff’s petition.
The judgment dismissing without prejudice plaintiff’s petition against the defendants, George E. Williams, Joyce Williams, and Allstate Insurance Company, is reversed and set aside. Defendants’ rule to dismiss plaintiff’s suit is rejected. The case is remanded for further proceedings consistent with the views expressed herein. All costs are to await the final determination of the cause.