356 So.2d 490 (1977)
Carter JENKINS
v.
HARTFORD ACCIDENT AND INDEMNITY CO., INC., and Mrs. Sherry N. Neil, wife of/and Herdis Neil, and the City of Houma.
No. 11631.
Court of Appeal of Louisiana, First Circuit.
November 21, 1977.
Gordon Hackman, Boutte, for plaintiff and appellant.
Walter T. Gamard, II, Metairie, Huntington B. Downer, Jr., Houma, for defendants and appellees.
Before LOTTINGER, EDWARDS and PONDER, JJ.
EDWARDS, Judge.
Plaintiff, Carter Jenkins, appeals a judgment of the district court which dismissed "with prejudice" his demand against the defendant, the City of Houma. The dismissal was based on plaintiff's failure to amend his petition within the time allowed by the court in its ruling sustaining defendant's exception of vagueness.
Plaintiff filed suit against four defendants on October 22, 1976, to recover damages for injuries sustained in an automobile accident. On December 16, 1976, one of the defendants, the City of Houma, filed a dilatory exception of vagueness. The trial court sustained the exception on January 31, 1977 and ordered plaintiff to amend his petition within fifteen days subject to dismissal for failure to amend timely. The petition was not amended within the fifteen days, and on March 1, 1977 the trial court rendered judgment dismissing with prejudice plaintiff's suit against the City of Houma.
Plaintiff claims that the trial court's judgment is too harsh.
We have examined plaintiff's petition and conclude that the trial court properly sustained the defendant's dilatory exception and properly ordered the plaintiff to amend his petition. LSA-C.C.P. art. 933.
When the plaintiff failed to amend his petition as ordered by the court, it was *491 within the discretionary power of the trial court in enforcing its lawful orders to dismiss plaintiff's suit against the City of Houma. LSA-C.C.P. art. 933; Prejean v. Ortego, 262 So.2d 402 (La.App. 3rd Cir. 1972). Cf. Lawrence v. Williams, 330 So.2d 121 (La.App. 2nd Cir. 1976), writ denied, 333 So.2d 247 (La.1976).
However, our appellate courts have consistently held that the dismissal of a suit for failure to correct a defect in the pleadings should be without prejudice. Prejean, supra, and cases cited therein.
For the above reasons, the judgment of the trial court is amended to decree that the suit is dismissed without prejudice; and affirmed in all other respects. All costs are to be borne by the appellant.
AMENDED AND AFFIRMED.