408 So.2d 390 (1981)
Linda Trahan WHIPPLE
v.
Keith M. WHIPPLE.
No. 14455.
Court of Appeal of Louisiana, First Circuit.
December 22, 1981.
*391 Stephen M. LaRussa, Houma, for plaintiff and appellee.
Ernest A. Kelly, Jules Boquet, Houma, for defendant and appellant.
Before ELLIS, LOTTINGER and PONDER, JJ.
LOTTINGER, Judge.
This is a suit on two promissory notes, brought by Linda Trahan Whipple against Keith M. Whipple. Mr. Whipple then filed a reconventional demand against plaintiff. Plaintiff filed a dilatory exception of vagueness to the reconventional demand, which was maintained, and defendant was ordered to amend his reconventional demand on or before January 9, 1981, or have the demand dismissed. No amendment was filed by Mr. Whipple, and, on January 21, 1981, plaintiff moved for and obtained an ex parte order dismissing the reconventional demand without prejudice. From the judgment of dismissal, defendant has appealed.
Plaintiff subsequently moved to dismiss the appeal, arguing that the judgment appealed from was interlocutory in nature and did not cause the defendant irreparable injury. This court denied the motion to dismiss the appeal, 398 So.2d 1296 (1981), holding that a judgment of dismissal without prejudice is an appealable judgment.
On appeal, defendant-appellant assigns the following specifications of error:
I. It was error for the trial court to dismiss defendant's reconventional demand or, alternatively, not to sever the reconventional demand and order same to be tried in a separate proceeding.
II. The reconventional demand filed by defendant on November 5, 1980, was sufficient and the trial court erred in finding that same was insufficient.
For the sake of clarity and convenience, appellant's assignments of error will be discussed in inverse order.

ASSIGNMENT OF ERROR NO. 2
Keith M. Whipple contends that the allegations of his reconventional demand were sufficiently precise to make the sustaining of the exception of vagueness erroneous. The trial court found that paragraphs 2, 4, 5, 6 and 7 of the reconventional demand were vague, general and indefinite.
*392 As the Third Circuit stated in Washington v. Flenniken Construction Company, 188 So.2d 486, 489 (La.App. 3rd Cir. 1966):
"The purpose of the exception of vagueness is to place the defender on notice of the nature of the facts sought to be proved so as to enable him generally to prepare his defense, as well as additionally by a formal pleading to identify the cause of action so as to bar its future re-litigation after determination by the present suit."
In other words, the exception must be denied if the petition fairly informs the defendant of the nature of the cause of action alleged and includes sufficient particulars to enable the defendant to prepare a defense against evidence admissible under the allegations. Washington v. Flenniken Construction Company, supra at 490.
Paragraph 2 of Keith M. Whipple's reconventional demand alleges that the defendant in reconvention held in her control certain moveable property belonging to the plaintiff in reconvention, and refused to deliver same. This allegation does not state how the defendant in reconvention obtained possession of the movable property, at what approximate time such possession was had, or when plaintiff in reconvention demanded its return. There is also no indication of what types of moveable property are involved, i.e., whether the items are as small as a pea or large as an elephant. Nor is there any indication of what value could be fairly assigned to each item of movable property.
Paragraphs 3 and 4 allege that defendant in reconvention purportedly bought a tract of land by way of a note assumption, but that plaintiff in reconvention actually made the note payments for same. Yet paragraph 4 does not indicate whether the note was paid by way of installments or in a lump sum, and does not state the approximate date upon which final payment was made, allegedly by plaintiff in reconvention, which purportedly allowed defendant in reconvention to extinguish her obligation under said note.
Paragraphs 5, 6 and 7 of the reconventional demand allege that plaintiff expended goods, money and services in making improvements on the tract of land referred to in Paragraphs 3 and 4. However, no approximate dates for such improvements are mentioned, nor are the types of services personally provided by plaintiff in reconvention enumerated, nor are the nature of the repairs and alterations paid for by plaintiff in reconvention enumerated.
We assume that plaintiff in reconvention is attempting to allege that the purchase of the tract in question and the subsequent improvements thereon, all purportedly paid for by plaintiff in reconvention, inured to the benefit of the defendant in reconvention either by her continued possession thereof or by a subsequent sale of the tract by defendant in reconvention. But no such allegation can be found in the reconventional demand. Nor does Keith M. Whipple even allege that he expected to be repaid for his expenditures. Thus, the trial judge was eminently correct in maintaining the exception of vagueness, in that the reconventional demand does not completely inform the defendant in reconvention of the nature of the claim. Additionally, none of the allegations of the reconventional demand is made with enough particularity to permit defendant in reconvention to prepare her defense against evidence admissible under such allegations.
Assignment of Error No. 2 is meritless.

ASSIGNMENT OF ERROR NO. 1
Keith M. Whipple is basically arguing that the trial court abused its discretion in dismissing his reconventional demand without prejudice. He claims as the basis for this contention that he will be unable to file suit for his claims in a separate proceeding because his claims will have by then prescribed.
It is well established that a trial judge may dismiss a plaintiff's demand for his failure to amend his petition as ordered by the court, see Jenkins v. Hartford Accident and Indemnity Co., Inc., 356 So.2d 490 (La.App. 1st Cir. 1977) and cases cited *393 therein. Such dismissal is within the discretion of the trial court, and is based upon the power of the court to enforce compliance with a lawful procedural order in connection with a dilatory exception. LSA-C.C.P. art. 933, Bogan v. Byrom, 151 So.2d 718 (La.App. 3rd Cir. 1963). As in the instant case, such dismissals should be made without prejudice, see Jenkins, supra and cases cited therein.
We are aware of the holding in Lawrence v. Williams, 330 So.2d 121, (La.App. 2nd Cir. 1976) writ denied 333 So.2d 247 (La.1976), that under certain circumstances a trial judge may abuse his discretion by entering a dismissal for failure to amend a petition within a stated time period, even when the dismissal is without prejudice. In Lawrence, plaintiff was ordered to amend his petition in connection with a dilatory exception of vagueness brought by three of a number of defendants. When the amendments were filed seven days late, the trial court subsequently granted the three defendants' motion to dismiss without prejudice. The plaintiff's claim as to those defendants would have prescribed had a separate suit been brought, since the initial suit dismissed without prejudice did not serve to interrupt prescription, so the plaintiff appealed the dismissal without prejudice. The Second Circuit reversed, holding that the dismissal without prejudice was an abuse of discretion, inasmuch as the delay was due to new counsel's inability to obtain needed information from the files of prior counsel. Also found pertinent was the fact that the defendants did not move for dismissal until nine days after the amendments were filed; thus, the defendants were not prejudiced by the untimely filing. The Second Circuit found that the authority of the trial court had not been compromised, and held that the dismissal without prejudice was an abuse of discretion under all the circumstances.
However, in the instant case, plaintiff in reconvention was represented by the same counsel during all proceedings pertinent to this appeal. Plaintiff in reconvention offered no valid excuse for the tardy filing which might render a dismissal without prejudice an abuse of discretion. The only statement made by the appellant in this regard is that appellant did not wish to burden this court with the reasons for his tardiness. This court cannot possibly find an abuse of discretion by the trial court if there is not adequate reason given us which would justify appellant's tardiness in filing an amended petition.
Plaintiff in reconvention does not on appeal give us the dates necessary for a determination of whether his claims would indeed prescribe in the interim between the original filing and a hypothetical second suit. But assuming such to be the case, since appellant offers no excuse for his tardiness, he can only blame himself if his claims have truly prescribed in the interim.
We find no abuse of discretion by the trial judge in dismissing the reconventional demand without prejudice. Appellant's Assignment of Error No. 1 is without merit.
Therefore, for the above and foregoing reasons, the judgment of the trial court dismissing the reconventional demand of Keith M. Whipple is affirmed at plaintiff-in-reconvention-appellant's costs.
AFFIRMED.