552 So.2d 609 (1989)
Camilla Ann STARKS, Plaintiff-Appellee,
v.
Marvin POWELL, Jr., Defendant-Appellant.
No. 20,932-CA.
Court of Appeal of Louisiana, Second Circuit.
November 1, 1989.
*610 Hunter, Scott, Blue, Johnson & Ross by Louis Granderson Scott, Monroe, for defendant-appellant.
Bobby L. Culpepper, Jonesboro, for plaintiff-appellee.
Before SEXTON, NORRIS and HIGHTOWER, JJ.
HIGHTOWER, Judge.
Defendant, Marvin Powell, Jr., appeals a trial court judgment declaring him to be the biological father of a minor and ordering him to pay child support. We affirm.
Plaintiff, Camilla Ann Starks, was married to Henry Starks in 1973. They physically separated in 1980, and a judgment of separation was rendered that same year. On February 9, 1984, they were divorced; on October 19, 1984, Duarta Starks was born to plaintiff. Defendant and plaintiff had a sexual relationship beginning in the late 1970's and continuing, with a few brief lapses, until after the birth of the child.
Plaintiff, as natural tutrix, filed suit seeking to have the defendant decreed the biological father of the child and directed to provide support. Mr. Starks, the presumed father later added as a defendant in response to an exception, failed to answer after being served. He apparently acquiesced in the proceedings, and has not appealed.
Following trial, the judge a quo determined that the blood testing results and scientific evidence, coupled with the testimony of the parties, more than adequately met the burden of proof incumbent upon plaintiff. It was found that during the period of conception plaintiff engaged in sexual relations only with the defendant, who was adjudicated the biological father. The trial court decided that plaintiff could maintain the action on behalf of the child despite the legal presumption of paternity, LSA-C.C. Arts. 184, 185, toward her former husband. Finally, child support of $200 a month was awarded.
This appeal urges two specifications of error. It is argued that the trial court erred in finding appellant to be the biological father of the child despite the presumption in law that the child is legitimate as to Mr. Starks. Secondly, appellant contends that it was error to proceed to trial in the case because a dismissal had resulted from the plaintiff's failure to timely amend her petition. Appellant does not question the *611 sufficiency of evidence concerning paternity. We will address the issues in reverse order.

DISCUSSION
In the original petition, plaintiff failed to name Mr. Starks as a party. Defendant filed, as one of three exceptions, a peremptory exception of failure to add an indispensable party. After a September 19, 1986 hearing, the exception was taken under advisement. In written reasons for judgment filed September 23, 1986, the trial court sustained the objection and stated that plaintiff was "given 20 days from the date of the reasons for judgment to amend the petition to add thereto as defendant Henry Starks." The decision further enounced that failure to so amend would result in dismissal. In his first specification of error, appellant-defendant contends that the amended petition was not filed until October 20, 1986, some seven days after the ordered date, and therefore the case was automatically dismissed in accordance with the judge's decision.
Appellee-plaintiff maintains that, on October 1, 1986, the amendment was mailed to the clerk of court. The attorney's certificate of service does show a copy sent to opposing counsel then, but a filing date of October 20 is reflected by the clerk's office. On the other hand, the record contains no signed judgment or notice of judgment, LSA-C.C.P. Art. 1914, effectuating the 20 day time limit and dismissal provisions set forth by the trial judge in his reasons for judgment. More importantly, though, we disagree with appellant's contentions that the failure to timely amend the petition resulted in an automatic dismissal of the case.
Even after the period of leave to amend provided in a judgment has elapsed, a plaintiff may still amend unless the defendant moves for a dismissal. Alker v. Rauch, 498 So.2d 28 (La.App. 1st Cir.1986); Taylor v. Consolidated Rail Corp., 391 So.2d 1351 (La.App. 4th Cir.1980); Roby v. Leonard, 209 So.2d 182 (La.App. 1st Cir.1968). Since defendant did not request dismissal after the 20-day time delay had elapsed, plaintiff was free to amend the petition and it was not error for the trial court to fail to dismiss the case. Indeed, the matter proceeded to trial without any further objection regarding the amendment.
Anent the second specification of error, appellant argues that a child who is presumed to be the legal offspring of one man cannot bring an action to prove filiation to another man unless the presumed father has disavowed the minor child. In essence, it is contended that a child cannot have two fathers or "dual paternity."
Under LSA-C.C. Art. 184, the husband is presumed to be the father of all children born or conceived during the marriage. Concerning children born after the marriage, LSA-C.C. Art. 185 states:
A child born less than three hundred days after the dissolution of the marriage is presumed to have been conceived during the marriage. A child born three hundred days or more after the dissolution of the marriage is not presumed to be the child of the husband.
LSA-C.C. Art. 209 A, which provides for proof of filiation, reads as follows:
A child not entitled to legitimate filiation nor filiated by the initiative of the parent by legitimation or by acknowledgment under Article 203 must prove filiation as to an alleged living parent by a preponderance of the evidence in a civil proceeding instituted by the child or on his behalf within the time limit provided in this Article.
There is a substantial body of jurisprudence supporting an action of filiation by or on behalf of the child of an alleged biological father, even though the child is presumed to be the progeny of another man.
In Malek v. Yekani-Fard, 422 So.2d 1151 (La.1982), the Louisiana Supreme Court allowed a mother to bring an action on behalf of her unborn child to filiate with the alleged biological father despite the fact that the mother had a legal husband. In dicta, the court termed the marital status of the mother irrelevant except for any weight it possibly had, at trial, in proving or disproving filiation.
*612 It was recognized by this circuit in Finnerty v. Boyett, 469 So.2d 287 (La.App. 2d Cir.1985), that an alleged biological father had a right of action to avow paternity for the purpose of seeking visitation even though the minor was presumed to be the child of the mother's husband. While presenting a slightly different issue than the present case, the decision acknowledged that the trend of the jurisprudence had been to permit "the true parentage of an individual to be established if such can be accomplished." Succession of Mitchell, 323 So.2d 451 (La.1975); Warren v. Richard, 296 So.2d 813 (La.1974); and IMC Exploration Co. v. Henderson, 419 So.2d 490 (La.App. 2d Cir.1982), writs denied, 423 So.2d 1149, 1150 (La.1982), were cited as evidence of that tendency.
Finally, in Griffin v. Succession of Branch, 479 So.2d 324 (La.1985), our Supreme Court specifically addressed the issue of whether or not children themselves may establish filiation to a biological parent despite the presumption of paternity in another man. The plaintiffs, four majors, were born during the marriage of their mother and presumed father. They sought to establish filiation to a deceased individual whom they claimed to be their biological father. The court held that, under LSA-C.C. Art. 209, as amended by 1980 La.Acts No. 549, § 1, although the children maintained legitimate status from their mother's husband, they nevertheless could assert claims as illegitimates in order to establish filiation to the deceased man. The decedent neither being presumed to be their father nor having legitimated or formally acknowledged them, plaintiffs were said to be "commanded" by Art. 209 to institute a filiation proceeding on their own behalf to establish their true parentage.
Thus, it is clear from the jurisprudence that the doctrine of "dual paternity" is a viable one in Louisiana. Hence, the trial court did not err in proceeding to determine whether or not Narvin Powell was the biological father of the child even though Henry Starks was presumed to be the father.
Although appellant does not raise the issue of sufficiency of evidence, we note that the record evidence clearly establishes by a preponderance that Narvin Powell is the father of Duarta Starks. An expert in forensic serology and paternity testing testified that, calculated from the paternity index and based on blood testing alone, there existed a 99.9 percent probability that the defendant was the father of the child. The expert regarded that percentage as the highest that could possibly be reported.
In his own testimony, defendant admitted that the parties were living together during the time of the estimated conception of the child. This and the testimony of other witnesses, coupled with the scientific results relating to the probability of paternity, obviously satisfied the requirement that filiation be proven by a preponderance of the evidence. The record clearly supports the conclusion that Narvin Powell is the father of the child.
We find no merit to the specifications of error asserted by appellant. Based upon the foregoing, the judgment of the trial court is affirmed. All costs are to be borne by appellant.
AFFIRMED.