NORRIS, Judge.
In September 1991, Alan Wright filed a defamation action based upon newspaper articles published in two Ruston area newspapers. The four named defendants included the Ruston Daily Leader and its alleged representative, Edward Fade; and The Morning Payer and its alleged representative, John M. Hayes. The Morning Paper and Mr. Hayes filed a dilatory exception of vagueness on September 27, 1991. The Ruston Daily Leader filed its own exception of vagueness on October 9, 1991. Court minutes reflect that on December 13, 1991, the court sustained “the Exception of Vagueness as filed by the defendants.” [1] Wright was given 15 days within which to either amend his petition to cure the vagueness, or face dismissal of his petition.
Although a supplemental and amending petition was filed pursuant to a court order on January 22, 1992, both sets of defendants subsequently filed motions to dismiss because Wright failed to file his supplemental and amending petition within the 15-day period set by the trial court. The trial court granted the Ruston Daily Leader ’s motion on February 18, 1992, and The Morning Paper and John Hayes’s motion on March 10, both times purporting to dismiss the suit with prejudice. On May 6, 1992, Wright filed a motion for appeal with respect to the February and March judgments of dismissal.
For the reasons which follow, we reverse the dismissals and remand for further proceedings.
DISCUSSION
In unraveling the procedural tangle presented herein, we first note that the defendants have not challenged the timeliness of Wright’s appeal; despite the May 6, 1992 filing date of the motion to appeal, we do not find the appeal untimely.[2]
Although Wright has raised numerous issues on appeal, we resolve this appeal on the issue of whether the trial court erred in granting the defendants' motions to dismiss. As previously noted, the motions to dismiss were based upon the defendants’ arguments that Wright failed to amend his petition within the 15 days allowed by the trial court’s order. Wright’s supplemental and amending petition was filed on January 22, 1992. Although the filing date was outside the 15 days allowed by the trial court’s December 13, 1991 order, the filing of the supplemental petition came several weeks before the motions to dismiss.
Louisiana courts have held that even after the period of leave to amend provided in a judgment has elapsed, a plaintiff may still amend unless or until the defendant moves for a dismissal. Starks v. Powell, 552 So.2d 609 (La.App.2d Cir.1989); Law *982 rence v. Williams, 330 So.2d 121 (La.App.2d Cir.), writ denied 333 So.2d 247 (1976); Alker v. Rauch, 498 So.2d 28 (La.App. 1st Cir.1986); Taylor v. Consolidated Rail Corp., 391 So.2d 1351 (La.App. 4th Cir.1980); and, Roby v. Leonard, 209 So.2d 182 (La.App. 1st Cir.1968). While the provisions of La.C.C.P. art. 933 allow a trial court to dismiss a suit for non-compliance with a court order providing a delay within which to cure the grounds of objections pleaded in a dilatory exception, dismissal is in no way mandatory. Lawrence, supra. In the instant case, Wright sought to amend his petition, and the trial court allowed it, several weeks before defendants made any objection. Furthermore, this is not a case in which Wright’s failure to amend was a willful refusal of the trial court’s order; nor one in which the delay involved either interfered with the orderly administration of justice or prejudiced the defendants. Accordingly, we hold that the trial court erred in granting the motions to dismiss Wright's petition under the circumstances present here.
Finally, we note that while Wright has raised issues concerning a motion for judgment of default which he filed in the trial court, and concerning a pleading entitled “Petition To Annul Judgment” filed under the same suit number, these matters are not within the proper scope of this appeal and will not be further addressed, although we observe that our judgment herein would appear to make Wright’s nullity claims moot.
CONCLUSION
For the reasons set forth above, we hold that the trial court erred in dismissing Wright’s petition for failure to timely amend. The judgments sustaining the motions to dismiss are hereby vacated, and the matter is remanded to the trial court for further proceedings in accordance herewith. Costs of appeal are assessed to ap-pellees.
REVERSED AND REMANDED.

. The record reflects only the exception of the Ruston Daily Leader being set for hearing.

. The appellate record contains no notices of judgment or any mention that notices were sent. Under La.C.C.P. art. 1913C, a clerk of court shall file a certificate in the record showing the date on which, and the counsel and parties to whom, notice of the signing of a final judgment was mailed. Mr. Wright, who is litigating pro se, appears to have been entitled to notice of the judgments of dismissal. La.C.C.P. art. 1913B. The running of appellate delays is procedurally tied to the expiration of the delay for applying for a new trial, if no application for new trial has been timely filed. La.C.C.P. art. 2087A(1). When notice of judgment is required under Article 1913, the delay for applying for a new trial commences to run on the day after the clerk of court has mailed, or the sheriff has served, the notice of judgment. La.C.C.P. art. 1974. Thus, until required notice of judgment is sent, appellate delays do not run, and we will not presume notice of judgment was sent when such is not reflected by the record.
Additionally, we observe that Wright attached to his appellate brief a copy of what purports to be a "speed letter” from the district clerk of court’s office. The letter, dated March 17, 1992, states: “Please find enclosed copies of dismissal in the above matter.” While this attachment to Wright’s appellate brief is dehors the appellate record, we note that if such a letter indeed was the method through which notice of the judgments of dismissals was given, then Wright’s motion to appeal, signed by the court on April 30, 1992, fell well within the appellate delays.