950 So.2d 822 (2006)
Luwana THOMAS
v.
SONIC.
No. 2006 CA 0014.
Court of Appeal of Louisiana, First Circuit.
November 3, 2006.
Daniel Steven Wanko, Jr., Covington, Counsel for Plaintiff/Appellant Luwana Thomas.
*823 John J. Rabalais, Janice B. Unland, Robert T. Lorio, David B. Parnell, Covington, Counsel for Defendant/Appellee Sonic.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
GUIDRY, J.
An employee appeals the dismissal of her workers' compensation claim based on her failure to amend the claim after the workers' compensation judge (WCJ) sustained the employer's exception raising the objection of vagueness. On reviewing the employee's claim in conjunction with the record before us, we amend the judgment appealed, and as amended, affirm.

FACTS AND PROCEDURAL HISTORY
On October 14, 2004, Luwana Thomas filed a disputed claim for compensation with the Office of Workers' Compensation, listing Sonic as her employer and Louisiana United Businesses Association (LUBA)[1] as insurer/administrator on her claim form. On the preprinted form, under the section entitled "THE BONA-FIDE DISPUTE," Ms. Thomas marked the spaces next to the statements, "No wage benefits have been paid" and "No medical treatment has been authorized." She also marked the space next to the word "Other" and wrote "Attorney's fees and penalties due as a result of employer's handling of this claim" in the blank space provided next to that selection.
In response to the claim form filed by Ms. Thomas, Sonic filed an exception urging the objection of vagueness, averring that Ms. Thomas failed to give "proper notice" of what was being claimed so that Sonic might prepare a defense. Following a hearing on the exception, the WCJ sustained the exception and ordered Ms. Thomas "to amend [her] Disputed Claim for Compensation to set forth in detail the exact issues in dispute as requested by the Employer in its Exception on or before February 21, 2005." Ms. Thomas failed to file an amended claim form. Sonic filed a motion to dismiss Ms. Thomas' claim for failure to amend, and following a hearing on the motion, the WCJ granted the motion and dismissed Ms. Thomas' disputed claim with prejudice. Following the denial of her motion for new trial, Ms. Thomas moved to appeal the judgment of dismissal.

ASSIGNMENTS OF ERROR
Ms. Thomas raises the following objections to the WCJ's judgment:
1. The [WCJ] erred in granting the employer's exception of vagueness[.]
2. If the [WCJ] was appropriate in granting the employer's motion to dismiss, the [WCJ] erred in granting the dismissal of the matter with prejudice[.]
3. The [WCJ] erred in denying claimant's motion for a new trial under La. C.C.P. art.1972 as the judgment was clearly contrary to the law[.][2]

DISCUSSION
The Louisiana Administrative Code 40:I.5823 provides that exceptions shall be governed by La. C.C.P. art. 921 et seq. The objection of vagueness is urged by way of a dilatory exception. La. C.C.P. *824 art. 926. In sustaining the exception filed by Sonic, the WCJ ordered Ms. Thomas to amend her claim form to address the specific issues raised by Sonic in its exception. In the memorandum in support of the exception, Sonic raised the following contentions in regard to the disputed claim form filed by Ms. Thomas:
Sonic excepts to the Employee's Disputed Claim for Compensation in that it is vague as to what period of time the Employee seeks indemnity benefits, the nature/character of said benefits as well as the amount of such benefits.
* * *
. . . the Employee should be made to amend her Disputed Claim for Compensation to specify what medical treatment was not authorized. Specifically, Sonic is entitled to know the specific medical providers which were not authorized, the date of such failure to authorize, who requested authorization, the mode or method by which authorization for medical treatment was requested, who denied any such request for medical authorization and whether such request for medical authorizations came with medical opinions and/or reports causally relating such treatment to the Employee's alleged February 11, 2004, work accident.
* * *
Sonic excepts to the Employee's Disputed Claim for Compensation on the grounds of vagueness as it does not specify exactly which action or inaction would justify an award of penalties and attorneys' fees as well as the dates and times of such action and/or inaction against Sonic and Defendant requires this information before proceeding to trial herein.
Admittedly, we too find the factual allegations of Ms. Thomas' claim form to be a bit scant, but as previously observed in this opinion, the claim form submitted by Ms. Thomas is a pre-printed document, issued by the Office of Workers' Compensation, wherein a claimant simply has to mark the appropriate responses or fill in the requested information where indicated. On the claim form, Ms. Thomas stated her occupation, her date of injury, how she was injured, and the grounds of her "bona-fide dispute" with Sonic.
The purpose of the exception of vagueness is to place the defendant on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action, and, thus prevent future relitigation of the same cause of action after judgment is obtained in the present suit. Snoddy v. City of Marksville, 97-327, p. 6 (La.App. 3rd Cir.10/8/97), 702 So.2d 890, 893. However, the exception of vagueness does not entitle the defendant to demand exactitude and detail of pleading beyond what is necessary to fulfill the aims of La. C.C.P. arts. 854 and 891.[3] If the plaintiff's petition fairly informs the *825 defendant of the nature of the cause of action and includes sufficient substantial particulars to enable the defendant to prepare its defense, then the exception of vagueness will be denied. Whipple v. Whipple, 408 So.2d 390, 392 (La.App. 1st Cir.1981), writ not considered, 412 So.2d 1089 (La.1982); Williams v. State, 34,691, pp. 4-5 (La.App. 2nd Cir.5/9/01), 786 So.2d 927, 930-931.
Although we find the information stated in Ms. Thomas' claim form to be sufficient to state a cause of action, we find no error in the WCJ's determination that the factual allegations contained therein were lacking in sufficient substantial particulars, which hindered Sonic in preparing its defense. The WCJ's finding was particularly appropriate in this matter where pending before her were three separate, unconsolidated workers' compensation claims involving the same parties, relative to three separate accidents, all occurring within a relatively short time span of each other. The arguments presented by counsel at the hearing on the exception clearly demonstrated the confusion caused by the three separately pending, workers' compensation claims filed by Ms. Thomas and the need for specificity regarding the allegations pertaining to each claim. As such, we find that the WCJ did not err in sustaining the exception urging the objection of vagueness.
We further find that the WCJ properly acted within the authority granted her in dismissing Ms. Thomas' claim after she failed to amend her claim form within the time period provided. When the grounds of the objections[4] pleaded in the dilatory exception may be removed by amendment of the petition or other action by plaintiff, the judgment sustaining the exception shall order plaintiff to remove them within the delay allowed by the court; and the action, claim, demand, issue or theory subject to the exception shall be dismissed only for a noncompliance with this order. La. C.C.P. art. 933(B).
We do, however, find merit in Ms. Thomas' contention that the WCJ abused her discretion in dismissing Ms. Thomas' claim with prejudice. By definition, a dilatory exception is one that does not tend to defeat the action but merely retards its progress. La. C.C.P. art. 923. Further, the judgment of dismissal with prejudice was not in accordance with La. C.C.P. art. 933 and the jurisprudence interpreting the effect of that article. See Saunders v. Lomonaco, 396 So.2d 316, 321 (La.App. 4th Cir.1981); see also Washington v. Flenniken Construction Company, 188 So.2d 486, 491 (La.App. 3rd Cir.1966). Accordingly, we will amend the judgment to provide that Ms. Thomas' claim be dismissed without prejudice.

CONCLUSION
Accordingly, we amend the judgment of dismissal to provide that Ms. Thomas' disputed claim for compensation be dismissed without prejudice, but in all other respects we affirm. All costs of this appeal are to be equally borne by the parties.
AMENDED, AND AS AMENDED, AFFIRMED.
McCLENDON, J., agrees, and assigns additional reasons.
McCLENDON, J., agrees, and assigns additional reasons.
I agree with the opinion, and respectfully assign additional reasons. This court, in *826 the interest of justice, has consistently held that the dismissal for failure to correct a defect in the pleadings should be without prejudice. Whipple v. Whipple, 408 So.2d 390, 392-93 (La.App. 1 Cir.1981), writ not considered, 412 So.2d 1089 (La.1982); Jenkins v. Hartford Accident and Indeminity Co., Inc., 356 So.2d 490, 490-91 (La.App. 1 Cir.1977). I do, however, note that this was the first time that this matter was dismissed for failure to amend.
NOTES
[1] LUBA filed exceptions urging the objections of no right of action and no cause of action. The WCJ sustained the exception urging the objection of no right of action and dismissed LUBA from the suit with prejudice. Thus, LUBA is not a party to the matter before us.
[2] Based on our resolution of Ms. Thomas' first two assignments of error, we pretermit discussion of her third assignment of error.
[3] The pertinent portions of La. C.C.P. arts. 854 and 891 respectively provide:

Art. 854. Form of pleading
No technical forms of pleading are required.
All allegations of fact of the petition, exceptions, or answer shall be simple, concise, and direct, and shall be set forth in numbered paragraphs. As far as practicable, the contents of each paragraph shall be limited to a single set of circumstances.
Art. 891. Form of petition
A. The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It shall . . . contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation. . . .
[4] The judgment sustaining the dilatory exception does not have to order amendment of the petition when the objection plead is want of amicable demand or prematurity. La. C.C.P. art. 933(A).