GASKINS, J.
11 The plaintiff, Richard P. Jones, filed pleadings claiming that the defendant, Shelly Geddis, is in possession of movable property belonging to the plaintiff. The defendant filed a dilatory exception pointing out that the pleadings failed to state the domicile of the parties and failed to designate an address, not a post office box, for the receipt of service of all items involving the litigation. The plaintiff was given an opportunity to amend his pleadings to cure the defects. When his amended pleadings failed to fully cure the defects, the trial court dismissed the case. The plaintiff filed the present appeal. For the following reasons, we amend in part and as amended, affirm the trial court judgment.
FACTS
Mr. Jones is incarcerated at Winn Correctional Center following his conviction for manslaughter. In 2003, three individuals drove up in front of Mr. Jones’s residence, tied a chain around his mailbox and proceeded to rip it up out of the ground. Mr. Jones got his .30-30 rifle and fired in the direction of the individuals. After they jumped back into their truck and fled, Mr. Jones fired at least three more rounds, striking and killing one of the individuals. Mr. Jones, who had three prior felony convictions, was convicted by a jury of manslaughter and sentenced to serve the minimum sentence, 20 years at hard labor, without benefit of parole, probation, or suspension of sentence. His conviction and sentence were affirmed in State v. Jones, 41,880 (La.App. 2d Cir.3/28/07), 954 So.2d 296.
On January 13, 2005, with the aid of counsel, Mr. Jones filed a rule to show cause for the return of'certain items of personal movable property he ^claimed were being wrongfully held by Ms. Geddis. These items included a gun cabinet and several guns.[1] The pleadings did not specify who Ms. Geddis is or why she allegedly had possession of Mr. Jones’s property. On August 10, 2006, in proper person, Mr. Jones filed an amended petition to add several other pieces of movable property he sought to have returned by Ms. Geddis.
*1063 On September 15, 2006, the plaintiff, in proper person, filed a pleading in the trial court which was treated as a motion for a preliminary default, claiming that Ms. Geddis had failed to respond to his claims. On September 29, 2006, the trial judge wrote to the plaintiff explaining that his initial petition was a summary proceeding. The trial judge instructed the defendant that a preliminary default cannot be entered on a summary proceeding and the plaintiff needed to schedule a hearing. Regarding the amended petition filed in proper person, the trial judge termed this to be an ordinary proceeding. Ms. Geddis had been served and the plaintiff could seek a preliminary default. The trial judge instructed the plaintiff to ask for a trial date to prove the allegations on the amended petition.
Ms. Geddis secured counsel and filed a dilatory exception to the original and amended petitions, claiming that they did not comply with La. C.C.P. art. 891 in that there was no specification of domicile for either party and there was no designation of address, other than a post office box, for the ^parties. Upon the motion of the defendant, the dilatory- exception was submitted on the pleadings and memorandum filed in the trial court.
The plaintiff filed an opposition to the dilatory exception, arguing that he had a lawyer for the filing of the original petition and that any discrepancies in the pleadings should be attributed to the attorney. On January 11, 2007, a judgment was signed by the trial court ordering the plaintiff to amend his pleadings, if he could, to alleviate the objections raised by Ms. Geddis.
On January 31, 2007, the plaintiff filed what purported to be amendments to his pleadings in order to remove the objections raised in the dilatory exception. The plaintiff retyped his original and amended petition and specified an address for service of process for Ms. Geddis. He also listed his physical address at Winn Correctional Center. He did not specify the domicile of either party.
On August 23, 2007, Ms. Geddis filed a rule to dismiss the plaintiffs case, claiming that the plaintiff simply refiled his original and amended petitions. On September 20, 2007, the trial court granted the motion to dismiss with prejudice, finding that the filings of the plaintiff failed to set forth the domicile of the parties. The plaintiff appealed.
Legal Principles
The defendant claimed that the plaintiff failed to comply with the requirements of La. C.C.P. art. 891 in filing his pleadings in this case. That statute provides in pertinent part:
A. The petition shall comply with Articles 853, 854, and 863, and, whenever applicable, with Articles 855 through 861. It |4shall set forth the name, surname, and domicile of the parties; shall contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation; si tall designate an- address, not a post office box, for receipt of service of all items involving the litigation; and shall conclude with a prayer for judgment for the relief sought. Relief may be prayed for in the alternative. [Emphasis supplied.] [2]
*1064 The nonconformity of a petition with any of the requirements of La. C.C.P. art. 891 is raised through a dilatory exception. La. C.C.P. art. 926. The function of the dilatory exception merely retards the progress of the action. La. C.C.P. art. 923. When the grounds of a dilatory exception, other than want of an amicable demand or prematurity, may be removed by amendment of the petition or other action by the plaintiff, the judgment sustaining the exception shall order the plaintiff to remove them within the delay allowed by the court; and the action, claim, demand, issue or theory subject to the exception shall be dismissed only for a.noncompliance with this order. La. C.C.P. art. 933.
At the time the plaintiff filed his claim in this matter, La. C.C. art. 38 provided the following definition of domicile:
The domicile of each citizen is in the parish wherein he has his principal establishment.
The principal establishment is that in which he makes his habitual residence; if he resides alternately in several places, and nearly as much in one as in another, and has not declared [5his intention in the manner hereafter prescribed, any one of the said places where he resides may be considered as his principal establishment, at the option of the persons whose interests are thereby affected.[3]
Domicile is important because it is necessary to determine the proper venue for a lawsuit. Venue is the parish where an action or proceeding may properly be brought and tried under the rules regulating the subject. La. C.C.P. art. 41. An action against an individual who is domiciled in the state shall be brought in the parish of his domicile; or if he resides but is not domiciled in the state, in the parish of his residence. La. C.C.P. art. 42. The venue for specific proceedings such as nullity, successions, divorce, judicial emancipation of a minor, appointment of a tutor, or interdiction may not be waived. Otherwise, any objection to venue is waived by the failure of the defendant to timely plead the declinatory exception of improper venue. La. C.C. art. 44; La. C.C.P. art. 925.
Discussion
In his brief, the plaintiff notes that he was given until February 15, 2007, to amend his pleadings to set forth the domicile of the parties and to designate an address, not a post office box, for receipt of service of. all items involving the litigation. The plaintiff claims that he was confused by this demand because he had received all documents in connection with the matter and the defendant was served at her residence. The plaintiff claims that on January 31, 2007, he filed amended pleadings setting forth the [fiphysical address of both parties; he believes that this cures the grounds for the dilatory exception, which were the failure to set forth the physical addresses and domiciles of the parties.
In this matter, in his amended pleadings, the plaintiff has provided a physical address for both parties, but has not specified the domicile for them. The trial .court gave the plaintiff an opportunity to amend *1065 his pleadings to cure the defects. The plaintiff furnished physical addresses of the parties, but never set forth their domicile. Because the plaintiff did not cure the defects in his pleadings, the trial court acted properly in dismissing the case. However, the trial court erred in dismissing the case with prejudice.
The basis of a dismissal of a suit for noncompliance with an order to remove objections pleaded in a dilatory exception is the power of the court to enforce compliance with a lawful procedural order in connection with a dilatory exception, for by definition, the dilatory exception merely retards the progress of the action as it is not filed in order to defeat the action. For this reason, the judgment of dismissal for failure to cure the defect urged by dilatory exception has consistently been without prejudice, with trial court dismissals being amended when not so providing. Washington v. Flenniken Construction Company, 188 So.2d 486 (La.App. 3d Cir.1966); Lawrence v. Williams, 330 So.2d 121 (La. App. 2d Cir.1976), unit denied, 333 So.2d 247 (La.1976). See also Thomas v. Sonic, 2006-0014 (La.App. 1st Cir.11/3/06), 950 So.2d 822; Whipple v. Whipple, 408 So.2d 390 (LaApp. 1st Cir.1981), writ not considered, 412 So.2d 1089 (La.1982); Lemoine v. Roberson, 366 So.2d 1009 (La.App. 1st Cir.1978); Jenkins v. Hartford Accident and Indemnity Co. Inc., 356 So.2d 490 (La.App. 1st Cir.1977); Alexander v. Town of Jeanerette, 371 So.2d 1245 (La.App. 3d Cir.1979); Jackson v. Housing Authority of New Orleans, 478 So.2d 911 (La.App. 4th Cir.1985). A judgment of dismissal without prejudice shall not constitute a bar to another suit on the same cause of action. La. C.C.P. art. 1673. Accordingly, we affirm the trial court action dismissing the plaintiffs claim, but amend to specify that the dismissal is without prejudice.
CONCLUSION
For the reasons stated above, we affirm the trial court judgment dismissing the plaintiffs claim for failure to remove the grounds for the dilatory exception filed by the defendant. However, we amend the judgment to provide that the dismissal is without prejudice. Costs in this court are assessed to the plaintiff.
AMENDED AND AS AMENDED, AFFIRMED.

. The defendant argued in her brief that the plaintiff, a convicted felon, is prohibited by state and federal law from possessing fire- • arms. In response, the plaintiff filed a notarized document into the record requesting that the firearms and other property be returned to his sister.

. Typically, and as suggested in the LSA-C.C.P. Form 101 and following, a petition usually begins as follows: The petition of [plaintiff’s name ], who is domiciled in_Parish, respectfully represents.... *1064 The first numbered paragraph of the petition usually begins as follows: _, the defendant, who is domiciled in_Parish,....

. The Louisiana Civil Code provisions on domicile were changed by Acts 2008, No. 801 § 1, effective January 1, 2009. La. C.C. art. 38 now provides dial, "The domicile of a natural person is the place of his habitual residence.” The comments to the new article state that the word "parish” is no longer used in order to make the definition of domicile relevant to both in-state and out-of-state applications.