# STATE OF LOUISIANA

# COURT OF APPEAL, FIRST CIRCUIT

DIAMOND D PROPERTY
INVESTORS, LLC

NO. 2019 CW 0997

VERSUS

TB INDUSTRIES LLC, FRANCIS
FORNIER, BRIAN HEYSE, AND
HEYPE PROPERTIES, LLC

**DEC 1 7 2019**

---

In Re:   Diamond D Property Investors, LLC, applying for supervisory writs, 21st Judicial District Court, Parish of Livingston, No. 158471.

---

**BEFORE:   McCLENDON, WELCH, HOLDRIDGE, CHUTZ, AND LANIER, JJ.**

**WRIT GRANTED.** Those portions of the trial court's December 18, 2018 judgment granting the exception of no cause of action as to the claim of contractor misappropriation, privilege against immovable property and as against the owner of the property, and piercing the corporate veil are hereby reversed. Generally, an exception of no cause of action should not be maintained in part and, if there are two or more theories of recovery that arise out of the operative facts of a single transaction or occurrence, a partial judgment on an exception of no cause of action should not be rendered to dismiss a theory of recovery. Based on our *de novo* review of relator's petition, we find that the claims against defendants arise out of the same operative facts of a single transaction or occurrence. As such, the trial court improperly sustained defendants' partial objection of no cause of action, thereby dismissing certain theories of recovery. The exception of no cause of action is hereby denied. See **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.,** 616 So.2d 1234 (La. 1993).

That portion of the trial court's December 18, 2018 judgment sustaining the exception of vagueness as to the claim of unfair trade practices is likewise reversed. Relator's petition fairly informs defendants of the nature of that claim and includes sufficient particulars to enable defendants to prepare their defense. See **Thomas v. Sonic,** 2006-0014 (La. App. 1st Cir. 11/3/06), 950 So.2d 822, 824-825. The exception of vagueness as to the unfair trade practices claim is hereby denied.

While we find no error in that portion of the trial court's December 18, 2018 judgment denying the general exception as to vagueness of the entire petition, we reverse the portion of the judgment that denied the exception without prejudice to allow defendants to re-urge a similar claim as this litigation progresses. The trial court has no authority to reserve such exception, which must be filed in accordance with La. Code Civ. P. arts. 926(A) and 928.

**PMc**
**JEW**
**WRC**
**WIL**

**Holdridge, J.,** concurs in part and dissents in part. I agree with the majority's actions on the exceptions of vagueness. I disagree, however, with the majority's denial of the exception of no cause of action as to the claim of contractor misappropriation, privilege against immovable property and as against the owner of the property, and piercing the corporate veil. I think the majority is in error in not allowing a partial exception of no cause of action in this case. It is true that, prior to 1997, the cases did not allow a judgment granting only a partial exception of no cause of action. See **Everything on Wheels Subaru, Inc. v. Subaru South, Inc.,** 616 So.2d 1234 (La. 1993). However, in 1997, the legislature authorized a partial judgment that "sustains an exception in part, as to one or more but less than all of the claims, demands, issues, or theories against a party." La. Code Civ. P. art. 1915(B)(1). "This amendment ... authorizes a judgment granting a partial exception of no cause of action; importantly, this amendment provides certainty as to the immediate appealability of such a judgment." Frank L. Maraist, Louisiana Civil Law Treatise: Civil Procedure, Vol. I, § 6.7, pp. 172-173 (2d ed. 2008).

COURT OF APPEAL, FIRST CIRCUIT

_____
DEPUTY CLERK OF COURT
FOR THE COURT