702 So.2d 890 (1997)
Geraldine D. SNODDY, Plaintiff-Appellant,
v.
The CITY OF MARKSVILLE, et al., Defendants-Appellees.
No. 97-327.
Court of Appeal of Louisiana, Third Circuit.
October 8, 1997.
*891 James G. Perdigao, New Orleans, Tammy L. Pruet, Baton Rouge, for Geraldine D. Snoddy.
David Edwin Lafargue, Marksville, for The City of Marksville.
Russell L. Potter, Alexandria, for Rodney M. Rabalais.
Deborah Dupuy Didier, Marksville, in pro. per.
Marc Dupuy, Jr., Marksville, for Dupuy & Didier.
Charles Addison Riddle, III, Marksville, for Mae D. Chapman.
Before SAUNDERS, WOODARD and GREMILLION, JJ.
GREMILLION, Judge.
The plaintiff, Florence Dupuy Clark,[1] appeals the trial court's dismissal of her claims against the defendants, the City of Marksville, Rodney Rabalais, Deborah Dupuy Didier, the law firm of Dupuy and Didier (law firm), Mae D. Chapman, and the 122 East Mark Street Condominium Association (Association), along with each of their insurers, upon sustaining the defendants' exceptions of vagueness and ambiguity and dismissing her claims with prejudice.

*892 FACTS
Snoddy filed a petition on August 26, 1996, seeking damages for an injury she allegedly suffered on October 5, 1995, when she fell while trying to negotiate a curb outside Rabalais' law office. In her petition, Snoddy named as defendants Marksville, Rabalais, Didier, the law firm, and each of their insurers. Snoddy had contacted Marc Dupuy, a Marksville lawyer with the law firm, in order to terminate the community property regime between her and her husband. In addition to performing legal work for Snoddy, Dupuy referred her to his partner, Didier, who was represented to have expertise in geriatric issues. Dupuy further referred Snoddy to Rabalais for litigation services and expertise in terminating the community property regime.
On October 5, 1995, Snoddy met with Didier at Rabalais' law office. Following this meeting, Didier escorted her out of the office, which was located at 122 East Mark Street, to the curb which was located several feet from the office's front door. Snoddy alleged that the curb was extremely steep and, thus, defective in that it posed an unreasonable risk of harm. She further alleged that Didier, who had assumed the role of "caretaker beyond the role of an ordinary attorney-client relationship and who knew or should have known of petitioner Snoddy's frailties" left her to go to her car, and that in attempting to follow Didier, she fell to the ground injuring herself. This lawsuit followed.
In response to this suit, Rabalais filed a dilatory exception of vagueness or ambiguity, alleging that he could not safely plead to Snoddy's petition because it lumped all of the defendants together and failed to specify the theory or cause of action she was alleging against each particular defendant. The law firm and Didier also filed exceptions of vagueness or ambiguity for the same reasons as Rabalais. Marksville filed a dilatory exception of vagueness or ambiguity and a peremptory exception of no cause of action. In addition to its claim of vagueness, it claimed that Snoddy's petition failed to state a cause of action since her only allegation against it was that the incident occurred in Marksville and was on property owned by Rabalais.
On October 7, 1996, Snoddy filed an Amended and Restated Petition, adding as defendants Mae D. Chapman and her insurer. In this petition, Snoddy particularized each alleged cause of action against each defendant. A hearing was held on the exceptions on October 11, 1996, following which the trial court sustained Marksville's peremptory exception of no cause of action. The trial court further sustained the remaining defendants' dilatory exceptions of vagueness or ambiguity. The trial court allowed Snoddy fifteen days within which to cure the exceptions or her claims would be dismissed.
In accordance with the trial court's ruling, Snoddy filed a Second Amended and Restated Petition on October 25, 1996. In addition to the already named defendants, Snoddy added as defendants the Association and its insurer. Rabalais' office was located in a unit in the 122 East Mark Street Condominium. Snoddy alleged that the sidewalk where she fell was listed as a common element in the Condominium Declaration, of which the repair, maintenance, and replacement were the responsibility of the Association.
In response to this petition, Rabalais again filed an exception of vagueness or ambiguity, claiming that Snoddy had failed to cure the exceptions and asking that the trial court dismiss her claim with prejudice or, in the alternative, that she amend her petition to cure the exceptions. The Association filed exceptions of vagueness or ambiguity, seeking to have the trial court dismiss Snoddy's claims or, in the alternative, to have her amend her petition. Likewise, the law firm and Didier both filed motions to dismiss, alleging that Snoddy's Second Amended and Restated Petition failed to comply with the trial court's order and, thus, her petition should be dismissed with prejudice or, in the alternative, she should be ordered to amend her petition. Marksville also filed a motion to dismiss Snoddy's petition based on her failure to comply with the trial court's order to cure the exceptions. In the alternative, it again filed an exception of vagueness or ambiguity and asked that Snoddy be ordered to amend her petition. In response to these *893 motions and exceptions, the trial court, ex parte, granted Didier's, the law firm's, and Marksville's motions to dismiss. Snoddy then filed a Motion for New Trial, and to Nullify Order Dismissing Case Without Hearing. A hearing was set on this motion and on Rabalais' and the Association's exception of vagueness or ambiguity. Following the hearing, the trial court rendered judgment in favor of Rabalais and the Association and denied Snoddy's motion for a new trial. A signed judgment was rendered by the trial court on January 6, 1997. This appeal followed.

ISSUES
On appeal, Snoddy raises seven assignments of error:
1) The district court erred in sustaining Didier's, the law firm's, and Rabalais' exceptions of vagueness and Marksville's exceptions of vagueness and no cause of action as to plaintiff's amended and restated petition.
2) The district court erred in granting Didier's, the law firm's, and Marksville's motion to dismiss for failure to comply with the Court's October 11, 1996 order, dismissing plaintiff's claim against them with prejudice.
3) The district court erred in granting Didier's, the law firm's, and Marksville's motion to dismiss for failure to comply with the Court's October 11, 1996 order on an ex parte basis.
4) The district court erred in refusing to overturn the ex parte dismissal order and in refusing to grant plaintiff's motion for new trial and to nullify judgment.
5) The district court erred in granting Rabalais' and the Association's exceptions of vagueness and ambiguity/motion to dismiss as to the plaintiff's Second Amended and Restated Petition.
6) The district court erred in dismissing the Association with prejudice.
7) The district court erred in ordering the harsh remedy of dismissal for a minor and technical issue regarding pleading practice, ever after striking the objectionable allegation on its own motion.

LAW
Article 981 of the Louisiana Code of Civil Procedure requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." There are no technical forms of pleadings; all allegations of fact shall be set forth in numbered paragraphs, and shall be simple, concise, and direct. La.Code Civ.P. art. 854. The purpose of the exception of vagueness is to place the defender on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action and, thus, prevent its future relitigation after a judgment is obtained in the present suit. Bustamente v. Vezina, 95-556 (La.App. 5 Cir. 1/30/96); 668 So.2d 1286; Washington v. Flenniken Const. Co., 188 So.2d 486 (La.App. 3 Cir.1966). However, the exception of vagueness does not entitle the defendant to demand an exactitude and detail of pleading beyond those necessary for the aims listed above. Id. If the plaintiff's petition fairly informs the defendant of the nature of the cause of action and includes sufficient substantial particulars to enable the defendants to prepare their defense, then the exception of vagueness will be denied. Id.

ASSIGNMENT OF ERROR NUMBER ONE
In her first assignment of error, Snoddy argues that the trial court erred in sustaining Didier's, the law firm's, and Rabalais' exceptions of vagueness and Marksville's exceptions of vagueness and no cause of action as to her Amended and Restated Petition, in dismissing her claim with prejudice, dismissing it on an ex parte motion, and by failing to overturn the ex parte dismissal and by denying her motion for a new trial and to nullify the judgment.
With regards to her first assignment of error, Snoddy argues that her Amended and Restated petition is not vague in that it "specifically described the plaintiff, the defendants, the relationship of the plaintiff to the various defendants, the date and time of *894 the incident, how the incident occurred, the premises where the incident occurred, the causes of the incident, and the damages to the plaintiff." We agree.
Snoddy's petition states in pertinent part as follows:
II
For many years prior to October 1995, petitioner Snoddy resided in Marksville, Louisiana with her recently deceased husband, Arnaud L. Snoddy. In the beginning of October, 1995, petitioner Snoddy, who is an elderly woman, and her husband, Arnaud L. Snoddy, who was also elderly, desired to terminate their community property regime and to establish a regime of separate property. Petitioner Snoddy contacted attorney Marc Dupuy of Dupuy and Didier with regard to handling a contract for separation of property regime with her husband Arnaud L. Snoddy and related estate planning and domestic relations matters.
III
Attorney Marc Dupuy performed certain legal work for petitioner Snoddy. However, attorney Marc Dupuy specifically directed and referred petitioner Snoddy to his partner Didier. Marc Dupuy claimed and represented that defendant Didier had special expertise based on her professional training and experience (in addition to her professional training and expertise as an attorney) in the care, handling, and guarding of elderly persons. Didier herself specifically represented and claimed that she had special expertise based on her professional training and experience (in addition to her professional training and expertise as an attorney) in the case, handling, and guarding of elderly persons. Based on Didier's alleged special expertise and her claimed special understanding of geriatric issues and the frailties of elderly persons, Didier was in fact engaged to provide services and advices (sic) to petitioner Snoddy.
IV
Based on such representations and claims and based on her professional training beyond her professional training as an attorney and her holding herself out as a specialist in geriatric affairs, Didier had a special, heightened and enhanced duty to petitioner.
V
In addition to referring petitioner Snoddy to defendant Didier for her special services and advices (sic) as described above, attorney Marc Dupuy also referred petitioner Snoddy to defendant Rabelais (sic) for litigation services and expertise in connection with terminating the community property regime existing between petitioner Snoddy and her husband and related matters. As noted above, defendant Rabelais (sic) is a practicing attorney in the City of Marksville, Parish of Avoyelles, State of Louisiana, and Rabelais (sic) is the owner of a certain piece of real property and improvements thereon located at 122 East Mark Street, Marksville, Louisiana where his law office is located and where the accident hereinafter described took place. Rabelais (sic) owns the "sidewalk-side" of the premises where the accident described herein occurred (while Marksville owns the "street-side" of the premises) and had the same under his custody, control or guard and was negligent as hereinafter set forth.
VI
On or about October 5, 1995 at approximately 2:00 p.m., defendant Didier went with petitioner Snoddy to defendant Rabelais' (sic) office for the purpose of meeting and discussing legal issues in connection with terminating the community property regime existing between petitioner Snoddy and her husband and related matters. At the conclusion of the meeting, defendant Didier and defendant Chapman, both of whom knew or should have known of petitioner Snoddy's frailties and both of whom had voluntarily assumed a duty to assist the frail petitioner, escorted petitioner Snoddy out of Rabelais' (sic) law office *895 located at 122 East Mark Street in Marksville. Petitioner Snoddy was visibly upset at having to discuss her private family matters, and defendant Didier and defendant Chapman repeatedly assured petitioner Snoddy that all matters were well in hand, all of which led petitioner Snoddy to be trustful of defendant Didier and defendant Chapman. Petitioner Snoddy remained proximal to, clung to and followed defendant Didier and defendant Chapman and was inquisitive about where they were going and fearful that she could not keep up.
VII
After having been suitably convinced that all matters were well in hand, petitioner Snoddy, desperately trying to keep up, was escorted by defendant Didier and defendant Chapman for several feet directly out of the front door of Rabelais' (sic) law office, and they stopped just before the curb to discuss where they were going and related matters. The curb at this particular location was extraordinarily steep and higher than a normal curb and defective in that it posed an unreasonable risk of harm. In addition, the curb and immediately adjacent area were improperly maintained, and rocks, chunks of concrete and other foreign material from decaying and crumbling curb also created an unreasonable risk of harm. As noted above, Rabelais (sic) owns the "sidewalk-side" of the premises where the accident described herein occurred, while Marksville owns the "street-side" of the premises. Each had their respective premises under their custody, control or guard and were negligent as hereinafter set forth.
VIII
Without any warning whatsoever to petitioner Snoddy, defendant Didier, who had specifically sought and assumed in these particular circumstance a role of petitioner Snoddy's caretaker beyond the role of an ordinary attorney-client relationship and who knew or should have known of petitioner Snoddy's frailties, darted off from petitioner Snoddy, leaping off the sidewalk and curb to go to her car and leaving petitioner Snoddy behind. Petitioner Snoddy attempted to follow defendant Didier, but in trying to do so, fell to the ground, causing her serious injury and pain. Defendant Chapman, who had voluntarily assumed a duty to assist the frail petitioner, negligently failed to hold onto and otherwise restrain the frail petitioner.
Snoddy then goes on to list individually how each defendant is liable to her:

X.A.
Defendant Marksville is liable to petitioner Snoddy in the following respects and in the following non-exclusive particulars:
A) Failing to warn against reasonable and foreseeable hazards;
B) Failing to maintain the premises in a reasonably safe condition at all times;
C) Failing to maintain proper safety precautions;
D) Failing to use ordinary care in the maintenance of premises;
E) Failing to warn of the impending dangers located at the premises;
F) Failing to take necessary steps to prevent this incident from occurring;
G) Failing to act reasonably and prudently under the circumstances;
H) Failing to see what should have been seen;
I) Failing to act with regard for the safety of others;
J) Any and all other acts of negligence and strict liability which will be shown at the time of trial in this matter.
X.B.
Defendant Rabeleis (sic) is liable to petitioner Snoddy in the following respects and in the following non-exclusive particulars:
A) Failing to warn against reasonable and foreseeable hazards;
B) Failing to maintain the premises in a reasonably safe condition at all times;

*896 C) Failing to maintain proper safety precautions;
D) Failing to use ordinary care in the maintenance of premises owed to invitees and business patrons;
E) Failing to warn invitees and business patrons of the impending dangers located at the premises;
F) Failing to take necessary steps to prevent this incident from occurring;
G) Failing to act reasonably and prudently under the circumstances;
H) Failing to see what should have been seen;
I) Failing to act with regard for the safety of others;
J) Any and all other acts of negligence and strict liability which will be shown at the time of trial in this matter.
X.C.
Defendant Didier is liable to petitioner Snoddy in the following respects and in the following non-exclusive particulars:
A) Failing to warn against reasonable and foreseeable hazards;
B) Failing to maintain proper safety precautions;
C) Failing to take necessary steps to prevent this incident from occurring;
D) Failing to act reasonably, prudently and attentively under the circumstances;
E) Failing to see what should have been seen;
F) Failing to act with regard for the safety of others;
G) Acting or moving at an excessive rate of speed when traveling with a geriatric person;
H) Acting or conducting in such a manner which creates an unreasonable risk of harm when viewed in the context of the special responsibility undertaken for the supervision, care and guarding as described herein;
I) Conduct falling below the standard of care under the circumstances;
J) Breaching the duty of a reasonable practitioner with special training and expertise;
K) Any and all other acts of negligence and strict liability which will be shown at the time of trial in this matter.
X.D.
Defendant Dupuy and Didier is liable to petitioner Snoddy for the actions of defendant Didier as set forth above in Paragraph X.C. above.
The purpose of an exception of vagueness is to merely retard the progress of an action and to compel the plaintiff to amplify and define her claim. Generally, an exception of vagueness should not be allowed to defeat a cause of action. After reviewing the amended and restated petition, we find that it fairly informs the defendants of the nature of the causes of action alleged by Snoddy in sufficient detail to enable them to prepare their defense. However, we make no decision as to whether the petition states a cause of action[2] against any of the defendants or whether it could withstand further exceptions or motions. Therefore, the trial court erred in dismissing with prejudice Snoddy's claims against Didier, the law firm, Rabalais, and Marksville on the ground of vagueness. The judgment as it pertains to those defendants is reversed and her petition is reinstated.
Since we have found that the trial court erred in granting the exceptions of vagueness, we need not address her second, third, or fourth assignments of error as they are rendered moot.

ASSIGNMENT OF ERROR NUMBER FIVE
In her fifth assignment of error, Snoddy argues that the trial court erred in granting Rabalais' and the Association's exceptions of vagueness or ambiguity and motion to dismiss *897 her Second Amended and Restated Petition.
Following the December 20, 1996 hearing on Rabalais' and the Association's exceptions of vagueness, the trial court rendered a judgment striking certain language from Snoddy's petition as it pertained to her allegations against both Rabalais and the Association, sustaining their exceptions of vagueness, and dismissing with prejudice Snoddy's claims against them. The trial court also denied Snoddy's Motion For New Trial and To Nullify Order Dismissing Case Without Hearing and thereby dismissed her claims against Didier, the law firm, and Marksville.
Snoddy's Second Amended and Restated Petition states in pertinent part:
V
.... As noted above, defendant Rabalais is a practicing attorney in the City of Marksville, Parish of Avoyelles, State of Louisiana, and Rabalais is the owner of a certain piece of real property and improvements thereon located at 122 East Mark Street, Marksville, Louisiana where his law office is located and where the accident hereinafter described took place.
V.A.
As noted above, by virtue of a Credit Sale dated February 24, 1994, a copy of which is attached hereto as Exhibit 4, Rabalais acquired Units A, B, and F(M-R) of the 122 East Mark Street Condominium, located at the corner of Washington and East Mark Streets, in the City of Marksville, Avoyelles Parish, Louisiana. The Condominium Declaration dated June 4, 1993, filed and recorded on June 25, 1993 under original records of Avoyelles Parish (Exhibit 5 attached hereto and incorporated herein by reference) created The 122 East Mark Street Condominium and created, inter alia, its Units, Common Elements, and Limited Common Elements. Pursuant to Article VI of the Condominium Declaration, the Common Elements include, inter alia, the common walkway providing access to the unit entrances, parking area, sidewalks, and other outdoor area of the Condominium property. Exhibit A to the Condominium Declaration contains a plat which delineates the building lines and the extension of the property beyond the building lines over the sidewalk toward the curbs. Pursuant to Article X of the Condominium Declaration, expenses for the operation, repair, maintenance and replacement of common elements are the responsibility of the Association, which in turn imposes personal responsibility and legal liability on the Unit owners.
VII.B.
Upon information and belief, the sidewalk side of the premises (from the curb backward as shown in the photographs on Exhibits 1 and 2), including without limitation the sidewalk (and improper grading and sloping thereon) and overhang support posts immediately adjacent to the curb (and the lack of a fence, banister (sic), rope, or other barrier blocking access to the curb at this particular location) were under the care, custody, and control of Rabalais and/or the Association. These defective or dangerous conditions caused and/or contributed to the defects or dangerous conditions which existed at the curb and caused and/or contributed to the petitioner's injuries. In addition, Rabalais extended his garde when he allowed and invited his business patrons to use it as a pathway to his business when there existed an alternative entrance to the building on Washington Street, which had a much lower curve in front of the entrance and which had a sloped handicap ramp nearby at the back of the building. See photographs attached hereto as Exhibit 3. Furthermore, the Association extended its garde when it assumed responsibility for maintaining the sidewalks, overhangs, walkways, and outdoor areas.
....
X.B.
Defendant Rabalais is liable to petitioner Snoddy in the following respects and in the following non-exclusive particulars:

*898 A) Failing to warn against reasonable and foreseeable hazards;
B) Failing to maintain the premises in a reasonably safe condition at all times;
C) Failing to maintain proper safety precautions;
D) Failing to use ordinary care in the maintenance of premises owed to invitees and business patrons;
E) Failing to warn invitees and business patrons of the impending dangers located at the premises;
F) Failing to take necessary steps to prevent this incident from occurring;
G) Failing to act reasonably and prudently under the circumstances;
H) Failing to see what should have been seen;
I) Failing to act with regard for the safety of others;
J) Failing to maintain proper grade, slope, and level on the premises;
K) Failing to provide a fence banister, rope, or other barrier between the overhang support posts immediately adjacent to the curb blocking access to the curb at this particular location;
L) Any and all other acts of negligence and strict liability which will be shown at the time of trial in this matter.
....
X.F.
A) Failing to warn against reasonable and foreseeable hazards;
B) Failing to maintain the premises in a reasonably safe condition at all times;
C) Failing to maintain proper safety precautions;
D) Failing to use ordinary care in the maintenance of premises owed to invitees and business patrons;
E) Failing to warn invitees and business patrons of the impending dangers located at the premises;
F) Failing to take necessary steps to prevent this incident from occurring;
G) Failing to act reasonably and prudently under the circumstances;
H) Failing to see what should have been seen;
I) Failing to act with regard for the safety of others;
J) Failing to maintain proper grade, slope, and level on the premises;
K) Failing to provide a fence banister, rope, or other barrier between the overhang support posts immediately adjacent to the curb blocking access to the curb at this particular location;
L) Any and all other acts of negligence and strict liability which will be shown at the time of trial in this matter.
The general, open-ended language that Rabalais and the Association objected to as being vague was contained in Paragraphs X.B. and X.F. respectively, which states:
L) Any and all other acts of negligence and strict liability which will be shown at the time of trial in this matter[,]
and in Paragraph XIII, which states:
E) Any and all other damages shown at trial.
At the hearing on the exceptions, the trial court, on its own motion, ordered the language stricken from the petition. We agree with that portion of the trial court's judgment and affirm that holding. Rabalais cites Sikes v. McLean Trucking Co., 383 So.2d 111 (La.App. 3 Cir.1980) in support of his argument that the entire petition is vague because of the offending language. In Sikes, this court held:
The injuries which plaintiff initially alleged, were "severe and painful personal injuries, including, but not limited to, an acute cervical and lumbar strain." Because it is worded in this "open-ended manner", this allegation is broad enough to include the injuries plaintiffs listed in their amended petition.
The trial court properly pointed out that the exception of vagueness had been available to the defendants if they wished to be better apprised of [plaintiff's] injuries. Instead, the defendants chose to let the matter *899 lie, taking their chances at being sustained in objecting to the evidence at trial.
Id. at 114.
We agree with the rationale in Sikes and do not intend to change it with this opinion. Open-ended allegations should be met with either an exception of vagueness or a motion to strike. By filing such, petitioner is placed on notice that she should specifically plead negligence and damages and that she cannot rely on general, open-ended allegations. Just as open-ended allegations do not fairly allow a defendant to form a defense, failure to object to them places the petitioner in the position that she may feel entitled to offer proof of "any and all negligence" as well as "any and all damages" at the trial on the merits. Either situation allows the unwary to fall into a trap. In the instant case, the open-ended allegations should be struck, but the second and amended petition, as a whole, is not vague and allows the defendants to form a defense. Therefore, we disagree with the remainder of the trial court's judgment granting Rabalais' and the Association's exceptions of vagueness and dismissing Snoddy's petition with prejudice. The judgment of the trial court is reversed and Snoddy's petition is reinstated. As a result of our finding, Snoddy's sixth and seventh assignments of error are also rendered moot.

CONCLUSION
For the foregoing reasons, the judgment of the trial court is reversed and the matter is remanded to the trial court for further proceedings. The costs of this matter are assessed equally amongst the defendants-appellees, The City of Marksville, Rodney M. Rabalais, Deborah Dupuy Didier, Dupuy and Didier, and The 122 East Mark Street Condominium Association.
REVERSED AND REMANDED.
NOTES
[1] Florence Dupuy Clark was substituted as the proper party plaintiff following the interdiction of Geraldine Dupuy Snoddy.
[2] We note that plaintiff assigns as error that the trial court erred in sustaining Marksville's exception of no cause of action. However, once plaintiff amended her petition, it was incumbent on Marksville to once again raise the exception of no cause of action as it did the exception of vagueness. It did not, and as such, the trial court did not rule on Marksville's exception of no cause of action. That exception is, therefore, not before this court.