SHEILA VANDERBROOK WIFE OF AND TERRY B. TRAHAN DOLORES DeLAUNE WIFE OF AND JOHN B MIDDLETON, E. RAY WILKES, JR., ANNE LESTER WIFE OF AND ROBERT R. RAPOSO, SHERRIE LANDRY WIFE OF/AND RAYMOND C. BURKART, JR., AND STACY MILLER WIFE OF AND LANCE L. ENGOLIA, SR.
v.
CHRISTOPHER R. JEAN; LEE ROAD DEVELOPMENT COMPANY; HIGHLAND LAKES DEVELOPMENT CORPORATION; JOHNNY F. SMITH TRUCK AND DRAGLINE SERVICE, INC.; HIGHLANDS HOMEOWNERS ASSOCIATION OF ST. TAMMANY, INC.; PALMERS, INC.; ALTERNATIVE DESIGN/BUILD GROUP, L.L.C.; NORTHLAKE TRUCK CENTER, L.L.C.; MULLER & MULLER, ATTORNEYS AT LAW; JOHNNY F. SMITH TESTAMENTARY TRUST; RICHARD L. MULLER; SILVIA G. MULLER; JANICE SEAL SMITH STUMPF INDIVIDUALLY AND AS TRUSTEE OF THE JOHNNY F. SMITH TESTAMENTARY TRUST; BARNEY L. CORE; GARY SALATHE; MARTIN MURPHY; DAVIT T. GLASS; WADE GLASS; ADRIAN SPELL; JODI McINTYRE WIFE OF/AND GREGORY "SCOTT" BRIDGES; WILLIS A PALMER.
No. 2005 CA 2540.
Court of Appeal of Louisiana, First Circuit.
February 14, 2007.
NOT DESIGNATED FOR PUBLICATION
RAYMOND C. BURKART, Jr., Counsel for Plaintiffs/Appellants, Sheila Vanderbrook, et al.
JULIAN J. RODRIGUE, Jr., Counsel for Defendant/Appellee, Northlake Truck Center, L.L.C.
WILLIAM J. JONES, Jr., LELAND R. GALLASPY, Counsel for Defendant/Appellee, Lee Road Development.
ROGER C. LINDE, Counsel for Defendants/Appellees, Alternative Design/Build Group, L.L.C, Gary Salathe & Martin, Murphy.
MICHAEL F. WEINER, MARK W. FRILOT, Counsel for Defendants/Appellees, Christopher R. Jean, Highland Lakes Development Corp., Johnny F. Smith Truck & Dragline Service, Inc., The Highlands Homeowners Association of St. Tammany, Inc., Johnny F. Smith Testamentary Trust, Janice Seal Smith Stumpf, and Barney L. Core.
JAMES LAMZ, DEANNA J. HAMILTON, and WILLIAM J. FAUSTERMANN, Jr., Counsel for Defendants/Appellees, Palmers, Inc. and Willis Palmer.
ALAN A. ZAUNBRECKER, Counsel for Defendants/Appellees, David Glass, Wade Glass, and Glass Contracting of St. Tammany, Inc.
MICHAEL P. MENTZ, ALAYNE R. CORCORAN, Counsel for Defendants/Appellees, Muller & Muller, L.L.C., Richard Muller, and Silvia Muller.
JESSE L. WiMBERLY, III, Counsel for Defendant/Appellee, Adrian Spell.
JACK E. TRUITT, NANCY N. BUTCHER, Counsel for Defendants/Appellees, Jodi McIntyre, wife of/and Gregory "Scott" Bridges.
Before: PARRO, GUIDRY, and McCLENDON, JJ.
GUIDRY, J.
In this appeal, plaintiffs seek review of the trial court's dismissal of their claims against defendants, Muller & Muller, L.L.C., Richard Muller, and Silvia Muller (collectively "Muller defendants"). For the reasons that follow, we reverse and remand.

FACTS AND PROCEDURAL HISTORY
Plaintiffs, owners of immovable property and improvements in Highland Lakes Subdivision in St. Tammany Parish, filed a lengthy petition on April 8, 2004, against a number of defendants[1] seeking a declaratory judgment and damages as a result of the development, ownership, and construction of the lakes, earthen dams, spillways, and roadways of Highland Lakes Subdivision. In their petition, plaintiffs made numerous allegations, some of which included fraud, negligence, breach of duties, intentional acts, and respondeat superior. On June 3, 2004, the Muller defendants, and several of the other defendants, Lee Road Development, Palmers Inc., Willis Palmer, Jodi McIntyre Bridges, Gregory Bridges, Alternative Design/Build Group, L.L.C., Gary Salathe, and Martin Murphy, filed dilatory exceptions raising the objections of vagueness and nonconformity of the petition with La. C.C.P. art. 891. Following a hearing on these exceptions, the trial court signed a judgment on September 10, 2004, sustaining the exceptions and ordering plaintiffs to amend their petition within fifteen days of the signing of the judgment.
On September 20, 2004, plaintiffs filed their first supplemental and amending petition. On November 3, 2004, the Muller defendants re-urged their exception raising the objections of vagueness and nonconformity of the petition and filed a motion to dismiss plaintiffs' claims, without prejudice, for their failure to cure the deficiencies of the original petition. Additionally, on November 18, 2004, defendants, Christopher R. Jean, Highland Lakes Development Corporation, Johnny F. Smith Truck & Dragline Service, Inc., The Highlands Homeowners Association of St. Tammany, Inc., Johnny F. Smith Testamentary Trust, Janice Seal Smith Stumpf, and Barney L. Core (collectively "Jean defendants"), filed an exception raising the objections of vagueness and nonconformity as to the amended petition. Following a hearing on the exceptions and the motion to dismiss,[2] the trial court signed a judgment on March 31, 2005, sustaining the Jean and Muller defendants' exceptions as to vagueness and allowing plaintiffs fifteen days from the signing of the judgment to amend their petition.[3]
On May 6, 2005, the Muller defendants filed a motion to dismiss plaintiffs' claims for their failure to timely amend their petition. Subsequently, plaintiffs filed a second supplemental and amending petition on July 1, 2005. Following a hearing on the Muller defendants' motion to dismiss, the trial court signed a judgment on August 17, 2005, granting the motion and dismissing plaintiffs' claims against them. Plaintiffs now appeal from this judgment, asserting that the trial court erred in sustaining the Muller defendants' exception raising the objections of vagueness and nonconformity of the petition and in dismissing their claims for failing to timely file their second supplemental and amending petition.

DISCUSSION
Louisiana Code of Civil Procedure article 891 requires that a petition "contain a short, clear, and concise statement of all causes of action arising out of, and of the material facts of, the transaction or occurrence that is the subject matter of the litigation." There are no technical forms of pleadings; all allegations of fact shall be set forth in numbered paragraphs and shall be simple, concise, and direct. La. C.C.P. art. 854. In pleading fraud, the circumstances constituting fraud must be alleged with particularity; malice, intent, knowledge, and other conditions of mind of a person may be alleged generally. La. C.C.P. art. 856.
The purpose of the exception of vagueness is to place the defendant on notice of the nature of the facts sought to be proved so as to enable him to identify the cause of action, thus preventing its future relitigation after a judgment is obtained in the present suit. Snoddy v. City of Marksville, 97-327, p. 5 (La. App. 3rd Cir. 10/8/97), 702 So. 2d 890, 893. However, the exception of vagueness does not entitle the defendant to demand exactitude and detail of pleading beyond what is necessary to fulfill the aims outlined above. Snoddy, 97-327 at p. 5, 702 So. 2d at 893. If the plaintiffs petition fairly informs the defendant of the nature of the cause of action and includes sufficient substantial particulars to enable the defendant to prepare its defense, then the exception of vagueness will be denied. Whipple v. Whipple, 408 So. 2d 390, 392 (La. App. 1st Cir. 1981), writ not considered, 412 So. 2d 1089 (La. 1982).
In the instant case, plaintiffs filed a lengthy petition against numerous defendants, amounting to one hundred eleven paragraphs and thirty pages. Plaintiffs' supplemental and amending petition added fifty-eight paragraphs and twenty-one pages to the original petition. In these petitions, plaintiffs detailed a complex series of events, actions, transactions, and relationships giving rise to causes of action based on negligence, fraud, breach of duties, and intentional acts of the various defendants. Particularly, as concerns the Muller defendants, plaintiffs asserted Richard Muller was the attorney for Johnny Smith and Johnny F. Smith Trucking & Dragline Service, Inc. (Johnny Smith) during the pendency of a suit brought by Lee Road Development Corporation (Lee Road), wherein Lee Road sought damages from Johnny Smith for breach of contract and breach of a guaranty agreement regarding its alleged faulty construction of the dams, spillways, and lakes in Highland Lakes Subdivision. Additionally, Richard Muller incorporated Highland Lakes Development Corporation, of which Christopher Jean was the President. Jean is the son-in-law of Johnny Smith. Richard Muller notarized the acts of conveyance of the roads, earthen dams, spillways, and lakes in Highland Lakes Subdivision from Lee Road to Highland Lakes Development Corporation and then from Highland Lakes Development Corporation to the Highlands Homeowners Association. Furthermore, Richard Muller is the attorney for Jean and Highland Lakes Development Corporation, who together own a majority of the immovable property and improvements in Highland Lakes Subdivision. At a meeting of the Highlands Homeowners Association to discuss the roads, earthen dams, spillways, and lakes, Richard Muller represented that he was authorized to cast proxy votes on behalf of the seventy-eight-lot majority for any business discussed at the meeting. Richard Muller failed to disclose information regarding the redhibitory vices and/or defects in the roads, earthen dams, spillways, and lakes and represented to homeowners that the leakage from the lakes was due to crawfish digging holes in the lakes. Richard Muller used his majority votes to elect officers and directors who would vote to pass the costs of repairing and/or rebuilding the roads, earthen darns, spillways, and lakes to the homeowners.
Furthermore, Silvia Muller, Richard Muller's wife, represented the Highlands Homeowners Association. Both Silvia and Richard Muller were members of Muller and Muller, L.L.C. However, the Muller defendants did not advise plaintiffs of Richard Muller's ongoing legal and business relationship with the Jean defendants or that the Mullers' representation posed a conflict of interest. Additionally, the Muller defendants failed to obtain plaintiffs' consent to act as the Jean defendants' counsel.
Accordingly, plaintiffs alleged that the Muller defendants' actions, silence, and material misrepresentations were fraudulent, as well as misleading in violation of La. C.C. arts. 1978 and 1971 and the Unfair Trade Practices and Consumer Protection Laws contained in La. R.S. 51:1401 et seq.
Although the petitions are long and contain an abundance of information, it is difficult to say that they fail to fairly inform the Muller defendants of the nature of the causes of action against them in sufficient detail to enable them to prepare their defense, or that the allegations of fraud are not pled with particularity. It is clear that plaintiffs are alleging that the Muller defendants, through their legal representations of the Jean defendants, knew of the alleged defects in the roads, earthen darns, spillways, and lakes, failed to disclose these defects to the homeowner plaintiffs, and subsequently shifted responsibility for these alleged defects from the Jean defendants to the homeowner plaintiffs. Therefore, the trial court erred in granting the Muller defendants' exceptions raising the objection of vagueness and dismissing plaintiffs' claims against them.

CONCLUSION
For the foregoing reasons, we reverse the judgments of the trial court sustaining the Muller defendants' exception raising the objection of vagueness and dismissing plaintiffs' claims against them without prejudice.[4] Plaintiffs' claims as to the Muller defendants are reinstated, and this matter is remanded to the trial court for further proceedings. All costs of this appeal are to be borne by the appellees, Muller & Muller, L.L.C., Richard Muller, and Silvia Muller.
REVERSED AND REMANDED.
NOTES
[1] The instant appeal only concerns the claims against the Muller defendants. The claims against Christopher R. Jean, Highland Lakes Development Corporation, Johnny F. Smith Truck & Dragline Service, Inc., The Highlands Homeowners Association of St. Tammany, Inc., Johnny F. Smith Testamentary Trust, Janice Seal Smith Stumpf, and Barney L. Core (collectively "Jean defendants") are the subject of a separate appeal decided this same date. Vanderbrook v. Jean, XXXX-XXXX (La. App. 1st Cir. 2/16/07).
[2] At this hearing, the trial court also considered a dilatory exception raising the objection of improper cumulation of actions filed by defendants, David Glass, Wade Glass, Glass Contracting of St. Tammany, Inc., Alternative Design/Build Group, L.L.C., Gary Salathe, and Martin Murphy (collectively "Glass defendants").
[3] The plaintiffs previously appealed this judgment, which also sustained the Glass defendants' dilatory exception raising the objection of improper cumulation of actions and dismissed plaintiffs' claims against them. However, this court dismissed the appeal as it related to the trial court's sustaining of the Jean and Muller defendants' objections of vagueness and nonconformity of the petition, as that judgment was not a final appealable judgment on those issues. See Vanderbrook v. Jean, 2005 CA 1122 (La. App. 1st Cir. 9/20/06) (unpublished opinion).
[4] When an appealable judgment is rendered in a case, the correctness of any interlocutory judgment can also be considered on appeal. People of the Living God v. Chantilly, 251 La. 943, 207 So. 2d 752, 753 (1968).