# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## CA 07-408


**CYNTHIA BRIDGES, DEPT. OF REV., STATE OF LA.**

**VERSUS**

**CLARK L. WHITE**


**\*\*\*\*\*\*\*\*\*\***


APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. 20056428
HONORABLE JOHN DAMIAN TRAHAN, DISTRICT JUDGE


**\*\*\*\*\*\*\*\*\*\***


**JOHN D. SAUNDERS
JUDGE**


**\*\*\*\*\*\*\*\*\*\***


Court composed of John D. Saunders, Jimmie C. Peters, and Glenn B. Gremillion, Judges.

**REVERSED IN PART, AFFIRMED IN PART, REMANDED.**

**Daivd M. Hamsen**
**Monica Doss Washington**
**Elroy A. James**
**Joseph F. Stevenson**
**Louisiana Department of Revenue, Legal Department**
**P. O. Box 4064**
**Baton Rouge, LA 70821-4064**
**(225) 219-2080**
**Counsel for Plaintiff/Appellant:**
**Cynthia Bridges, Department of Revenue**

**William Christian Gambel**
**Milling, Benson, Woodward, L.L.P.**
**909 Poydras, Suite 2300**
**New Orleans, LA 70112-1010**
**(504) 569-7000**
**Counsel for Defendants/Appellees:**
**Clark L. White**
 **Estate of Lisa White**

**SAUNDERS, Judge.**

This is an income tax case. The Louisiana Department of Revenue conducted an audit of two taxpayers for the years 1997 through 2001. The taxpayers agreed to pay the taxes according to the audit for the years 1999-2001, but did not agree to pay the audited taxes for the years 1997-1998.

The Department filed suit against the taxpayers to collect the taxes from 1997-1998. In response, the taxpayers filed exceptions of prematurity and vagueness. The trial court overruled the taxpayers' exception of vagueness, sustained their exception of prematurity, and dismissed the Department's petition.

The Department and the taxpayers have both appealed. We affirm the trial court's ruling on the exception of vagueness, reverse the trial court's ruling on the exception of prematurity, and remand the case for further proceedings.

**FACTS AND PROCEDURAL HISTORY:**

The Louisiana Department of Revenue (hereinafter "the Department") audited the tax returns filed by Clark and Lisa White (hereinafter "the taxpayers"), a husband and wife, for the years 1997 through 2001. Prior to 1997 the taxpayers filed Louisiana Resident Returns. For the years 1997 through 2001, the taxpayers filed Louisiana Non-Resident Returns. The issue in the audit was whether the taxpayers were residents of Louisiana during the years 1997 through 2001. The taxpayers claimed that they were residents of Florida for the years in question.

The taxpayers agreed to pay the taxes found due for the years 1999-2001. However, the taxpayers did not agree with the audit for the 1997-1998 years. As a result, the Department filed suit to collect the taxes for those unpaid years.

The taxpayers responded to the suit by filing Dilatory Exceptions of Prematurity and Vagueness. On August 3, 2006, the trial court sustained the

taxpayers' exception of prematurity and dismissed the Department's petition. Further, the trial court overruled the taxpayers' exception of vagueness.

The Department has appealed the ruling of the trial court regarding the taxpayers' exception of prematurity. In response, the taxpayers appealed the trial court's ruling regarding their exception of vagueness. We affirm the trial court's overruling of the taxpayers' exception of vagueness. We reverse the trial court's finding that the Department's petition was premature and remand the case for further proceedings not inconsistent with this opinion.

**DEPARTMENT'S APPEAL:**

The Department alleges that the trial court erred by sustaining the taxpayers' Dilatory Exception of Prematurity and dismissing its petition. We agree.

The issue before us is a question of law which seeks the correct interpretation of La.R.S. 47:1561 and its relation to La.R.S. 47:15(12) and (14) of the Taxpayer's Bill of Rights.

Louisiana Revised Statute 47:1561 states:

> In addition to following any of the special remedies provided in the various chapters of this subtitle, *the collector may, in his discretion, proceed to enforce the collection of any taxes due under this subtitle by means of any of the following alternative remedies or procedures*:
>
> (1) Assessment and distraint, as provided in R.S. 47:1562 through 47:1573.
>
> (2) Summary court proceeding, as provided in R.S. 47:1574.
>
> (3) *Ordinary suit under the provisions of the general laws regulating actions for the enforcement of obligations.*
>
> The collector may choose which of these procedures he will pursue in each case, and the counter-remedies and delays to which the taxpayer will be entitled will be only those which are not inconsistent with the proceed initiated by the collector, provided that in every case the taxpayer shall be entitled to proceeding under R.S. 47:1576 except

2

(a) after he has filed a petition with the board of tax appeals for a redetermination of the assessment, or (b) when an assessment for the tax in question has become final or (c)when a suit involving the same tax obligation is pending against him; and provided further, that the fact that the collector has initiated proceedings under the assessment and distraint procedure will not preclude him from thereafter proceeding by summary or ordinary court proceedings for the enforcement of the same tax obligation.(Emphasis added.)

La.R.S. 47:15, in pertinent part, states:

There is hereby established a Taxpayer's Bill of Rights to guarantee that the rights, privacy, and property of Louisiana taxpayers are safeguarded and protected during tax assessment, collection, and enforcement processes administered under the tax laws of this state. This Taxpayer's Bill of Rights consists of a statement, in nontechnical terms, of the rights and obligations of the Department of Revenue and taxpayers. The rights afforded taxpayers to assure that their privacy and property are safeguarded and protected during tax assessment and collection are available only insofar as they are implemented in accordance with the Constitution of Louisiana and Louisiana Revised Statutes of 1950 or the administrative rules of the Department of Revenue. The rights assured Louisiana taxpayers are:

. . .

(12) The right to request that any *assessment* of taxes due, including penalty and interest, be reviewed at the management level of the Department of Revenue in accordance with R.S. 47:1563.

. . .

(14) the right to hearing in order to dispute an *assessment* of taxes, interest, and penalties by timely filing an appeal with the Board of Tax Appeals in accordance with R.S. 47:1414, 1431, and 1481. A taxpayer shall not be required to pay the disputed tax, interest, and penalties in order to exercise this right.

. . .

(Emphasis added.)

Absent clear evidence of a legislative intent to the contrary, a statute should first be interpreted according to its plain language. *Cleco Evangeline, L.L.C. v. La. Tax Comm'n*, 01-2162 (La. 4/3/02), 813 So.2d 351. "When a law is clear and unambiguous and its application does not lead to absurd consequences, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature." La.Civ.Code. art. 9. This principle of statutory interpretation

3

applies to tax statutes. *Tarver v. E.I. Du Pont De Nemours and Co.*, 93-1005 (La. 3/24/94), 634 So.2d 356.

In interpreting the language of La.R.S. 47:1561 it is clear to this court that the collector of taxes, has the discretion to file an ordinary suit to collect taxes as was done in the case before us. It is only if the collector chooses to make a tax assessment that the rights numbered (12) and (14) in the Taxpayer's Bill of Rights can be asserted. Here, no such assessment was made; therefore, the rights cited by the taxpayers cannot be invoked by them.

The First Circuit Court of Appeal has addressed a similar issue in the case of *Bridges v. Smith*, 01-2166 (La.App 1 Cir. 9/27/02), 832 So.2d 307, *writ denied*, 02-2951 (La. 2/14/03), 836 So.2d 121. The *Smith* court looked to legislative history and found that La.R.S. 47:15 was not enacted with the intention to create any new rights or change the existing laws. Rather, the Taxpayer's Bill of Rights was an attempt to codify all rights a taxpayer had under Louisiana Law in one place.

We agree with the First Circuit's assessment of the Taxpayer's Bill of Rights. It does not create any new rights and does not conflict with or add to the existing rights in the tax assessment and collection procedure found at La.R.S. 47:1561, *et. seq*.

Accordingly, we find that the trial court erred in sustaining the taxpayers' Dilatory Exception of Prematurity and erred in dismissing the Department of Revenue's petition. As such, we reverse the trial court's ruling and remand the case for further proceedings.

**TAXPAYERS' APPEAL:**

The taxpayers have also appealed from a ruling made by the trial court. The

4

taxpayers contend that the trial court erred in overruling their Dilatory Exception of Vagueness. We disagree.

This court recently addressed the Dilatory Exception of Vagueness in *Smart v. Gold, Weems, Bruser, Sues & Rundell*, 06-1414, p. 5 (La.App. 3 Cir. 4/4/07), 955 So.2d 263, 267:

> The purpose of the dilatory exception of vagueness, which is provided for by La.Code Civ.P. art. 926, is to place a defendant on notice of the nature of the facts sought to be established and, thus, enable him or her to identify the cause of action and prevent its future re-litigation after a judgment is obtained. *Snoddy v. City of Marksville*, 97-327 (La.App. 3 Cir. 10/8/97), 702 So.2d 890. *See also Thomas v. Sonic*, 06-0014 (La.App. 1 Cir. 11/3/06), 950 So.2d 822. However, the exception does not permit the defendant to demand exactitude and detail beyond what is necessary for the above purposes. *Snoddy*, 702 So.2d 890. An exception of vagueness will be denied if the petition fairly informs the defendants of the nature of the cause of action and includes sufficient particulars for the defendant to be able to prepare his or her defense. *Id.*

The Department's petition clearly meets the requirements to overcome an exception of vagueness. The petition to collect taxes filed by the Department states the cause of action (to collect unpaid Louisiana income taxes), from which tax years (1997-1998), why those taxes are sought (taxpayers filed Louisiana Non-Resident tax returns rather than Louisiana Resident tax returns), on what basis those taxes are sought (an audit of the 1997-1998 years revealed to the Department that the taxpayers were actually Louisiana residents under its tax laws), and, finally, how much was being sought in unpaid taxes, plus interest and penalties ($254,245.00 in unpaid taxes, $272,335.13 in interest, and $127,122.50 in penalties).

The taxpayers contend that a petition must plead facts which at least suggest that the suit was brought within the time provided by law. This contention lacks merit as there is no such legal requirement. The petition filed by the Department states the

years for which it is seeking that Louisiana resident taxes be paid by the taxpayers. This places the taxpayers on notice of the contested time frame and allows them to assert or plead prescription if they feel it is warranted. The law does not require that the petition filed by a plaintiff negate the affirmative defense of prescription. Nor is the question of whether a suit is brought timely properly addressed with an exception of vagueness. Accordingly, we affirm the trial court's overruling of the taxpayers' exception of vagueness.

**CONCLUSION:**

The Department raised one assignment of error, contending that the trial court erred in granting the taxpayers' Dilatory Exception of Prematurity and dismissing its petition. We reverse the trial court's finding and remand the case for further proceedings not inconsistent with this opinion. The taxpayers also raised one assignment of error, contending that the trial court erred in overruling their exception of vagueness. We affirm the trial court's ruling on this issue. All costs of this appeal are to be paid by the taxpayers.

**REVERSED IN PART, AFFIRMED IN PART, REMANDED.**