# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 24-117


BYLINE BANK

VERSUS

ALEXANDRIA HOSPITALITY

PARTNERS, L.L.C., ET AL


**\*\*\*\*\*\*\*\*\*\***

APPEAL FROM THE
NINTH JUDICIAL DISTRICT COURT
PARISH OF RAPIDES, NO. 267,113
HONORABLE LOWELL C. HAZEL, DISTRICT JUDGE

**\*\*\*\*\*\*\*\*\*\***

## SHANNON J. GREMILLION
## JUDGE

**\*\*\*\*\*\*\*\*\*\***

Court composed of Shannon J. Gremillion, D. Kent Savoie, and Van H. Kyzar, Judges.


**REVERSED.**

**Kelvin G. Sanders**
**Attorney at Law**
**418 Desoto Street**
**Alexandria, LA 71315**
**(318) 487-0009**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Alexandria Hospitality Partners, L.L.C.**
    **The Alex Café, L.L.C.**
    **Kelvin W. Coney**
    **Felica W. Coney**
    **Jimmie Lee Johnson**
    **Martin W. Johnson**
    **Karen Bowie Johnson**
    **Gary Peter Jones**
    **Elaine Foulcard Jones**
    **Joyce A. Williams Rax**
    **Dexter L. Hadnot**
    **Cleais J. Hadnot**

**Richard A. Rozanski**
**Richard A. Rozanski, APLC**
**2312 S Macarthur Drive**
**Alexandria, La 71315**
**(318) 445-5600**
**COUNSEL FOR PLAINTIFF/ APPELLEE:**
    **Byline Bank**

**GREMILLION, Judge.**

Defendants, Alexandria Hospitality Partners, L.L.C. (AHP), The Alex Café, L.L.C., Kelvin W. Coney, Felica W. Coney, Jimmie Lee Johnson, Martin W. Johnson, Karen Bowie Johnson, Gary Peter Jones, Elaine Foulcard Jones, Joyce A. Williams Rax, Dexter L. Hadnot, and Cleais J. Hadnot, appeal the trial court's dismissal of their Second Supplemental and Amending Petition in Reconvention on grounds of vagueness and for failing to state a cause of action. For the reasons that follow, we reverse.

## FACTS AND PROCEDURAL POSTURE

AHP owns a hotel property at 2211 N. MacArthur Drive in Alexandria, Louisiana. The remaining Defendants are alleged guarantors of a mortgage and note executed in favor of plaintiff. That mortgage was executed on April 28, 2017. At the execution of the mortgage, defendant, Martin Johnson, altered the property description to state that, rather than encumbering 5.49 acres, the mortgage only encumbered 4.37 acres. *See Byline Bank v. Alexandria Hospitality Partners, L.L.C.,* 21-630 (La.App. 3 Cir. 5/25/22), 339 So.3d 786. When the mortgage was filed into the Rapides Parish records, it purported to encumber 5.49 acres. *Id.*

In March 2021, Byline obtained a summary judgment of foreclosure on the property through ordinary process. This judgment recognized that the mortgage should have encumbered 4.37 acres and reformed the document on the basis of mutual error. That judgment was reversed because a finding of mutual error is one of fact, and the Defendants had presented affidavits opposing the motion for summary judgment that created a genuine issue of material fact on this point. *Id.* Further, the panel found that Byline had failed to prove mutual error by clear and convincing evidence. *Id.*

The Defendants asserted that Byline filing the mortgage with an incorrect property description amounted to fraud. At issue before the court is Defendants' Second Supplemental and Amending Petition in Reconvention, the allegations of which are:

22a.
Thereafter, Byline fraudulently with malice, intent and knowledge removed the corrected "Exhibit A" from the Byline mortgage, which the parties agreed to and signed, and substituted it with a new "Exhibit A" reflecting a property description of "Description of 5.49 +/- Acre (239,200+Sq Ft) Tract" instead of the correct 4.37 acres with the intent to obtain an unjust advantage over Petitioners-in-Reconvention vis-a-vis the contract[.]

23b.
Defendant-in-Reconvention's fraudulent alteration to the legal property description on the Byline mortgage was done despite its knowledge that the property subject to the Byline mortgage was supposed to be only 4.37 acres.

24.
Defendant-in-Reconvention by omission concealed its fraudulent act(s) by not forwarding any of the Petitioners-in-Reconvention a copy of the recorded loan closing documents, including the altered "Exhibit A". Defendant-in-Reconvention did not did not [sic] disclose to Petitioners-in-Reconvention that it altered the document signed and agreed to by the parties.

Petitioners-in-Reconvention had no knowledge that "Exhibit A" was fraudulently altered and that Byline recorded the altered document until defendant-in-reconvention filed its Petition for Foreclosure on January 3, 2020, attaching as Exhibit "B" a copy of the fraudulently altered mortgage with the replaced "Exhibit A" without Mr. Johnson's handwritten and initial corrections. AHC and the Alex Cafe, LLC, would not have agreed to the Byline promissory note or mortgage had they known that defendant-in-reconvention would fraudulently alter the legal property description to the mortgage, without consent or authorization, and change the property's acreage from 4.37 to 5.49.

25a.
Defendant-in-Reconvention's fraudulent alteration to the legal property description and "Exhibit A" renders the Byline promissory note and mortgage unenforceable.

Byline responded with a motion to dismiss the reconventional demand. As noted, the reconventional demand was the *second* supplemental and amending

2

demand. The first supplemental and amending reconventional demand was met with an exception of vagueness, which the trial court maintained. Defendants were afforded the opportunity to amend their reconventional demand, resulting in the second supplemental and amending demand. Byline asserted that this, too, was vague in that it failed to allege facts demonstrating fraudulent behavior on Byline's part.

Byline argued that there could be no fraud based upon the inclusion of the 1.1 acres in the mortgage because that property had been sold by the Defendants the day the mortgage was executed; thus, it could not have been encumbered by the mortgage. Further, Byline asserted, the allegations made by the Defendants were conclusory. Lastly, the inclusion of the additional acreage is irrelevant because the bank is only foreclosing on the reduced acreage. The allegations were also vague, Byline argued, because they failed to specify how a hotel that is closed and "abandoned" could sustain a "loss of use" or diminished value. Further, Byline argued that the Defendants alleged fraud on Byline's part in not forwarding to them a copy of the filed documents, which was not required. The trial court heard the exceptions, maintained them, and dismissed the reconventional demand. This appeal followed.

## ANALYSIS

Decisions by the trial court in deciding exceptions such as those before us are reviewed de novo. *St. Landry Homestead Fed. Sav. Bank v. Vidrine*, 12-1406 (La.App. 3 Cir. 6/12/13), 118 So.3d 470, *writs denied*, 13-2218, 13-2219 (La. 12/2/13), 126 So.3d 1283. In determining an exception of no cause of action, the court accepts the well-pleaded facts of the petition as true and decides whether the law affords a remedy under them. *Darville v. Texaco, Inc.*, 447 So.2d 473 (La.1984); *Hero Lands Co. v. Texaco, Inc.*, 310 So.2d 93 (La.1975).

3

Ordinarily, no evidence is considered in deciding an exception of no cause of action; however, when exhibits are annexed to a petition, those exhibits will be accepted as true and considered along with the pleading to which they are attached. *Parks v. Winnfield Life Ins. Co.*, 336 So.2d 1021 (La.App. 3 Cir.), *writ refused*, 339 So.2d 351 (La.1976)..

> The purpose of the dilatory exception of vagueness, which is provided for by La.Code Civ.P. art. 926, is to place a defendant on notice of the nature of the facts sought to be established and, thus, enable him or her to identify the cause of action and prevent its future re-litigation after a judgment is obtained. *Snoddy v. City of Marksville,* 97–327 (La.App. 3 Cir. 10/8/97), 702 So.2d 890. *See also Thomas v. Sonic,* 06–0014 (La.App. 1 Cir. 11/3/06), 950 So.2d 822. However, the exception does not permit the defendant to demand exactitude and detail beyond what is necessary for the above purposes. *Snoddy,* 702 So.2d 890. An exception of vagueness will be denied if the petition fairly informs the defendant of the nature of the cause of action and includes sufficient particulars for the defendant to be able to prepare his or her defense. *Id.*

*Smart v. Gold, Weems, Bruser, Sues & Rundell*, 06-1414, p. 5 (La. App. 3 Cir. 4/4/07), 955 So.2d 263, 267, *writ denied*, 07-0854 (La. 6/22/07), 959 So.2d 497.

Louisiana Code of Civil Procedure Article 856 provides in pertinent part, "In pleading fraud or mistake, the circumstances constituting fraud or mistake shall be alleged with particularity." "Fraud is a misrepresentation or a suppression of the truth made with the intention either to obtain an unjust advantage for one party or to cause a loss or inconvenience to the other. Fraud may also result from silence or inaction." La.Civ.Code art. 1953. As with all pleadings in Louisiana, conclusory allegations of fraud, unsupported by underlying allegations of fact, do not suffice. *833 Bartholomew Invs.-A, LLC v. Margulis*, 08-559 (La.App. 4 Cir. 9/2/09), 20 So.3d 532; *Montalvo v. Sondes*, 93-2813 (La. 5/23/94), 637 So.2d 127.

> [T]here are three basic elements to an action for fraud against a party to a contract: (1) a misrepresentation, suppression, or omission of true information; (2) the intent to obtain an unjust advantage or to cause damage or inconvenience to another; and (3) the error induced by a

4

> fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract.

*Shelton v. Standard/700 Assocs.*, 01-587, p. 5 (La. 10/16/01), 798 So.2d 60, 64. Conversely, "the word fraud need not be mentioned in the petition to comply with the statutory mandate" of La.Code Civ.P. art. 856. *West Bldg. Materials, Inc. v. Daley*, 476 So.2d 554, 558 (La.App. 3 Cir. 1985).

*Misrepresentation, suppression, or omission of true information*

Defendants assert that Mr. Johnson amended the exhibit to the mortgage that contained the property description by hand, that the mortgage with the amended exhibit was executed by all parties, and that when the mortgage was filed, the exhibit with the handwritten amendment had been substituted for one containing a different property description. These allegations satisfy the first of the three-part test for alleging fraud. Accepting the allegations of the reconventional demand as true, the correct property description was that contained in the exhibit attached to the mortgage at the time the mortgage was executed. Substituting a different property description in an effort to expand the property encumbered by the mortgage could represent a misrepresentation, omission, or suppression of the truth.

*The intent to obtain an unjust advantage or to cause damage or inconvenience to another*

Paragraph 23b provides, "Defendant-in-Reconvention's fraudulent alteration to the legal property description on the Byline mortgage was done despite its knowledge that the property subject to the Byline mortgage was supposed to be only 4.37 acres." The unjust advantage alleged was to gain a security interest beyond the bounds agreed upon. The second prong of the test has been satisfied.

5

*The error induced by a fraudulent act must relate to a circumstance substantially influencing the victim's consent to (a cause of) the contract*

"Cause is the reason why a party obligates himself." La.Civ.Code art 1967. Paragraph 24 alleges, in pertinent part, "AHC and the Alex Cafe, LLC, would not have agreed to the Byline promissory note or mortgage had they known that defendant-in-reconvention would fraudulently alter the legal property description to the mortgage, without consent or authorization, and change the property's acreage from 4.37 to 5.49." The third part of the test for alleging a cause of action for fraud has been met.

The allegations of the Second Supplemental and Amending Petition in Reconvention state facts upon which the Defendants allege they were defrauded. These allegations of fact are not vague; they assert the facts upon which their demand is based. The allegations also assert facts that, if true, would meet the essential elements of fraud. Therefore, the allegations do state a cause of action.

Accordingly, we reverse the trial court's judgment dismissing the Defendants' reconventional demand. All costs of this proceeding are taxed to plaintiff/appellee, Byline Bank.

**REVERSED.**